| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Robert M. Heller, Esq. (SBN 80984)<br>Carol Chow, Esq. (SBN 169299)<br>FREEMAN, FREEMAN & SMILEY, LLP<br>1888 Century Park East, Suite 1900<br>Los Angeles, CA 90067<br>Telephone: (310) 255-6100<br>Facsimile: (310) 255-6200<br>Robert.Heller@ffslaw.com<br>Carol.Chow@ffslaw.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for*: Creditor Robert M. Heller, Esq. | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br>Massoud Aron Yashouafar, | CASE NO.: 2:16-bk-20343-WB<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br><br>**(ACTION IN NONBANKRUPTCY FORUM)** |
| Debtor(s). | DATE:<br>TIME:<br>COURTROOM: |

**Movant**: Robert M. Heller, Esq.

1.  **Hearing Location**:
    ☒ 255 East Temple Street, Los Angeles, CA 90012         ☐ 411 West Fourth Street, Santa Ana, CA 92701
    ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367      ☐ 1415 State Street, Santa Barbara, CA 93101
    ☐ 3420 Twelfth Street, Riverside, CA 92501

2.  Notice is given to the Debtor and trustee *(if any)*(Responding Parties), their attorneys *(if any),* and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3.  To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☐ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☒ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____; and, you may appear at the hearing.

    a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☒ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: Aug 10, 2016

FREEMAN, FREEMAN & SMILEY, LLP
Printed name of law firm (if applicable)

Robert M. Heller, Esq.
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☒ Plaintiff

   b. ☐ Defendant

   c. ☐ Other (*specify*):

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action*:   Heller v. Barlava

   b. *Docket number*: BC565921

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending:* Los Angeles County Superior Court

   d. Causes of action or claims for relief (Claims): Breach of Written Contract; Account Stated; and Unjust Enrichment

3. **Bankruptcy Case History:**

   a. ☐ A voluntary   ☒ An involuntary   petition under chapter   ☐ 7 ☒ 11 ☐ 12 ☐ 13
      was filed on (*date*) 8/3/2016_____.

   b. ☐ An order to convert this case to chapter   ☐ 7 ☐ 11 ☐ 12 ☐ 13
      was entered on (*date*) _____.

   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**   Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☒ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

f.  ☐  The bankruptcy case was filed in bad faith.

    (1)  ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2)  ☐  The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

    (3)  ☐  Multiple bankruptcy cases affect the Nonbankruptcy Action.

    (4)  ☐  The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g.  ☒  Other (*specify*): See attached Memorandum of Points and Authorities

5.  **Grounds for Annulment of Stay.** Movant took postpetition actions against the Debtor.

a.  ☐  The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b.  ☐  Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c.  ☐  Other (*specify*):

6.  **Evidence in Support of Motion:** *(Important Note: declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.)*

a.  ☒  The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b.  ☐  Supplemental declaration(s).

c.  ☐  The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d.  ☒  Other evidence (*specify*): Supplemental Declaration of Robert M. Heller, Esq.

7.  ☒  **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1.  Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2.  ☒  Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3.  ☐  The stay is annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☐ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☒ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☐ Other relief requested.


Date: Aug. 16, 2016

FREEMAN, FREEMAN & SMILEY, LLP
Printed name of law firm (*if applicable*)

Robert M. Heller, Esq.
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (name of Declarant) Robert M. Heller, Esq. _____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding (Nonbankruptcy Action) because:

☒ I am the Movant.
☐ I am Movant's attorney of record in the Nonbankruptcy Action.
☐ I am employed by Movant as (title and capacity):
☐ Other (specify):

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. In the Nonbankruptcy Action, Movant is:

☒ Plaintiff
☐ Defendant
☐ Other (specify):

4. The Nonbankruptcy Action is pending as:

   a. Name of Nonbankruptcy Action:  Heller v. Barlava
   b. Docket number: BC565921
   c. Nonbankruptcy court or agency where Nonbankruptcy Action is pending: Los Angeles County Superior Court

5. **Procedural Status of Nonbankruptcy Action**:

   a. The Claims are:

      (1) Breach of Written Contract; (2) Account Stated; and (3) Unjust Enrichment.

   b. True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit A.

   c. The Nonbankruptcy Action was filed on (date) 12/9/2014 _____.

   d. Trial or hearing began/is scheduled to begin on (date) 9/27/2016 _____.

   e. The trial or hearing is estimated to require _____ days (specify).

   f. Other plaintiffs in the Nonbankruptcy Action are (specify):
      None

g. Other defendants in the Nonbankruptcy Action are (*specify*):

Simon Barlava and Solyman Yashouafar

5. **Grounds for relief from stay:**

a. ☒ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate. The insurance carrier and policy number are (*specify*):

d. ☒ The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.
   (1) ☒ It is currently set for trial on (*date*) 9/27/2016      .
   (2) ☐ It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____. The basis for this belief is (*specify*):

   (3) ☒ The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e. ☐ The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

   (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

   (2) ☐ The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

   (3) ☐ Multiple bankruptcy cases affecting the Property include:
       (A) Case name:
           Case number:                    Chapter:
           Date filed:          Date discharged:           Date dismissed:
           Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

(B) Case name: _____

      Case number: _____ Chapter: _____

      Date filed: _____ Date discharged: _____ Date dismissed: _____

      Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

(C) Case name: _____

      Case number: _____ Chapter: _____

      Date filed: _____ Date discharged: _____ Date dismissed: _____

      Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

      ☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

      ☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f. ☐ See attached continuation page for other facts justifying relief from stay.

6. ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

  a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

  b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____

  c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Aug 16 2016 | Robert M. Heller, Esq. | |
|---|---|---|
| Date | Printed name | Signature |

**ATTACHMENT**


**MEMORANDUM
OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR
RELIEF FROM AUTOMATIC STAY**

1 | Robert M. Heller, Esq. (State Bar No. 80984)
Carol Chow, Esq. (State Bar No. 169299)
2 | Robert.Heller@ffslaw.com
Carol.Chow@ffslaw.com
3 | FREEMAN, FREEMAN & SMILEY, LLP
1888 Century Park East, Suite 1900
4 | Los Angeles, California 90067
Telephone: (310) 255-6100
5 | Facsimile:  (310) 255-6200

6

7

8

9 | **UNITED STATES BANKRUPTCY COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11 | **LOS ANGELES DIVISION**

12

13 | In re:

14 | MASSOUD ARON YASHOUAFAR,

15 | Debtor.

Case No. 2:16-bk-20343-WB

Chapter 11

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY; SUPPLEMENTAL DECLARATION OF ROBERT M. HELLER, ESQ. IN SUPPORT THEREOF**

*(left margin vertical text)* FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

3118278.1

1

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1   Robert M. Heller ("Heller") hereby respectfully requests that the Court grant this request

2   for relief from the automatic stay in order to allow him to resume prosecution of the state court

3   action captioned *Robert M. Heller v. Simon Barlava, et seq.* (the "State Court Action").

4   Heller initiated the State Court Action on December 9, 2014 against former clients Simon

5   Barlava, Massoud Aaron Yashouafar, and Solyman Yashouafar, to collect unpaid legal fees and

6   pre-judgment interest in the sum of $69,004.10, post-judgment interest, attorneys' fees and costs.

7   The retainer agreement executed by the defendants provided for joint and several liability. *See*

8   Supplemental Declaration of Robert M. Keller, Esq. ("Heller Supp. Decl."), ¶¶ 2-3; *see also*

9   Complaint, ¶ 9.

10   The parties have almost completed discovery, and trial in the State Court Action is

11   scheduled to commence on September 27, 2016. *See* Heller Supp. Decl., ¶ 4.

12   However, on August 3, 2016, involuntary petitions were filed against two of the three

13   defendants, Massoud Aaron Yashouafar (Case No. 2:16-bk-20343-WB) and Solyman Yashouafar

14   (Case No. 1:16-bk-12255-MT). Lead defendant Simon Barlava is not in bankruptcy. *Id.* at ¶ 5.

15   11 U.S.C. § 362(d)(1) allows for relief from the automatic stay for "cause." Heller

16   respectfully submits that good cause exists for granting relief from the automatic stay, including

17   the following:

18   First, the trial for the State Court Action is scheduled to commence on September 27,

19   2016, and if relief from stay is not promptly granted, then the September trial date would have to

20   be vacated. This would cause undue prejudice and hardship to Heller, because due to the current

21   backlog in the State Court, a new trial date would not be available until 2017, at the earliest. *See*

22   Heller Supp. Decl., ¶ 6.

23   Second, lead defendant Simon Barlava is not in bankruptcy and is jointly and severally

24   liable for any judgment that may be rendered. Accordingly, plaintiff Heller has the right to look to

25   lead defendant Barlava to satisfy the judgment in full. However, lead defendant Barlava is

26   preventing the prosecution of the State Court Action against him individually because there are

27   pending cross-claims among all of the defendants. Accordingly, plaintiff Heller must obtain relief

28   from the automatic stay in order to resume prosecution of the State Court Action. *Id..*, ¶ 7.

1         **Third**, the State Court Action is not a core proceeding but rather a garden variety collection

2  action that is more appropriately resolved in state court.  The granting of relief from stay to allow

3  the state court action to go forward will not adversely impact the Debtors since the state court

4  action does not involve any issues of bankruptcy law as the action is simply an action for breach

5  of contract and lifting the stay will not prejudice the interests of the Debtors to either defend the

6  pending involuntary since the relief being requested will keep the bankruptcy stay in place by

7  preventing enforcement if any judgment is entered against the Debtors.  Further, the claims being

8  asserted against the Debtors, even if the bankruptcy case goes forward, will need to be liquidated.

9         **Fourth**, the State Court Action involves non-debtor parties, and a single trial in state court

10  is the most efficient use of judicial resources.

11         **Fifth**, Heller would limit the relief from the automatic stay to preclude the enforcement of

12  any state court judgment against the Debtors.

13         For the foregoing reasons, Heller respectfully request that the Court grant relief from the

14  automatic stay in order to allow Heller to resume prosecution of the State Court Action.

15

16  DATED: August _16_, 2016                                 Respectfully submitted,

17

18                                                                          By: _____

19                                                                          Robert M. Heller, Esq.
                                                                                 FREEMAN, FREEMAN & SMILEY, LLP

20

21

22

23

24

25

26

27

28

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

## SUPPLEMENTAL DECLARATION OF ROBERT M. HELLER, ESQ.

I, Robert M. Heller, Esq., hereby declare as follows:

1.    I am over eighteen years of age, and I have personal knowledge of each of the facts stated in this declaration, except as for those facts stated on information and belief, and as to those facts, I am informed and believe them to be true.  If called as a witness, I could and would testify as to the matters set forth below based upon my personal knowledge.

2.    On December 9, 2014, I initiated a state court action against my former clients Simon Barlava, Massoud Aaron Yashouafar, and Solyman Yashouafar, to collect unpaid legal fees and pre-judgment interest in the sum of $69,004.10, post-judgment interest, attorneys' fees and costs (the "State Court Action").  A true and correct copy of the Complaint is attached hereto as Exhibit "A."

3.    The retainer agreement executed by the defendants provide for joint and several liability.  *See* Complaint, ¶ 9.

4.    In the State Court Action, the parties have almost completed discovery, and trial in the State Court Action is scheduled to commence on September 27, 2016.

5.    However, on August 3, 2016, involuntary petitions were filed against two of the three defendants, Massoud Aaron Yashouafar (Bankruptcy Case No. 2:16-bk-20343-WB) and Solyman Yashouafar (Bankruptcy Case No. 1:16-bk-12255-MT) ("Debtors").  **Lead defendant Simon Barlava is not in bankruptcy.**

6.    If relief from stay is not promptly granted, then the September trial date would have to be vacated.  This would cause me undue prejudice and hardship, because due to the current backlog in the State Court, a new trial date would not be available until 2017, at the earliest.

7.    Lead defendant Simon Barlava is not in bankruptcy and is jointly and severally liable for any judgment that may be rendered.  Accordingly, I have the right to look to lead defendant Barlava to satisfy the judgment in full.  However, lead defendant Barlava is preventing the prosecution of the State Court Action against him individually because there are pending cross-claims among all of the defendants.  Accordingly, I must obtain relief from the automatic stay in order to resume prosecution of the State Court Action.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1    8.    The granting of relief from stay to allow the state court action to go forward will

2  not adversely impact the Debtors since the state court action does not involve any issues of

3  bankruptcy law as the action is simply an action for breach of contract and lifting the stay will not

4  prejudice the interests of the Debtors to either defend the pending involuntary since the relief

5  being requested will keep the bankruptcy stay in place by preventing enforcement if any judgment

6  is entered against the Debtors.  Further, the claims being asserted against the Debtors, even if the

7  bankruptcy case goes forward, will need to be liquidated.

8    I declare under penalty of perjury under the laws of the United States of America that the

9  foregoing is true and correct to the best of my knowledge, information, and belief.

10    Executed on August 16, 2016, at Los Angeles, California.

11

12                                ROBERT M. HELLER, ESQ.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

3118278.1                                5

# SUPPLEMENTAL DECLARATION OF
# ROBERT M. HELLER, ESQ.

### DECLARATION OF ROBERT M. HELLER, ESQ.

I, Robert M. Heller, Esq., hereby declare as follows:

1.     I am over eighteen years of age, and I have personal knowledge of each of the facts stated in this declaration, except as for those facts stated on information and belief, and as to those facts, I am informed and believe them to be true.  If called as a witness, I could and would testify as to the matters set forth below based upon my personal knowledge.

2.     On December 9, 2014, I initiated a state court action against my former clients Simon Barlava, Massoud Aaron Yashouafar, and Solyman Yashouafar, to collect unpaid legal fees and pre-judgment interest in the sum of $69,004.10, post-judgment interest, attorneys' fees and costs (the "State Court Action").  A true and correct copy of the Complaint is attached as Exhibit "A" to the concurrently filed Motion for Relief from the Automatic Stay.

3.     The retainer agreement executed by the defendants provide for joint and several liability.  *See* Complaint, ¶ 9.

4.     In the State Court Action, the parties have almost completed discovery, and trial in the State Court Action is scheduled to commence on <u>September 27, 2016</u>.

5.     However, on August 3, 2016, involuntary petitions were filed against two of the three defendants, Massoud Aaron Yashouafar (Bankruptcy Case No. 2:16-bk-20343-WB) and Solyman Yashouafar (Bankruptcy Case No. 1:16-bk-12255-MT) ("Debtors").  **Lead defendant Simon Barlava is not in bankruptcy.**

6.     If relief from stay is not promptly granted, then the September trial date would have to be vacated.  This would cause me undue prejudice and hardship, because due to the current backlog in the State Court, a new trial date would not be available until 2017, at the earliest.

7.     Lead defendant Simon Barlava is not in bankruptcy and is jointly and severally liable for any judgment that may be rendered.  Accordingly, I have the right to look to lead defendant Barlava to satisfy the judgment in full.  However, lead defendant Barlava is preventing the prosecution of the State Court Action against him individually because there are pending cross-claims among all of the defendants.  Accordingly, I must obtain relief from the automatic stay in order to resume prosecution of the State Court Action.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

8.      The granting of relief from stay to allow the state court action to go forward will not adversely impact the Debtors since the state court action does not involve any issues of bankruptcy law as the action is simply an action for breach of contract and lifting the stay will not prejudice the interests of the Debtors to either defend the pending involuntary since the relief being requested will keep the bankruptcy stay in place by preventing enforcement if any judgment is entered against the Debtors.  Further, the claims being asserted against the Debtors, even if the bankruptcy case goes forward, will need to be liquidated.

9.      I respectfully request that the Court grant this Application for Order Setting Hearing on Shortened Notice so that the Motion for Relief from the Automatic Stay may be promptly heard so as to avoid any undue delay to the prosecution of the State Court Action, which trial is scheduled to commence on September 27, 2016.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on August 16, 2016, at Los Angeles, California.

_____
ROBERT M. HELLER, ESQ.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

3118445.2

2

# EXHIBIT "A"

COPY

1  Robert M. Heller, Esq. (SBN 80984)
   ROBERT M. HELLER
2  A PROFESSIONAL LAW CORPORATION
   1880 Century Park East, Ste. 615
3  Los Angeles, California 90067
   Telephone:  (310) 286-1515
4  Fax:  (310) 286-0046
   Email: heller@hellerlaw.com
5
   Attorneys for Plaintiff
6

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 0 9 2014

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

11 ROBERT M. HELLER, A PROFESSIONAL   )   Case No.:
   LAW CORPORATION, a California      )
12 Corporation;                       )       BC 5 6 5 9 2 1
                                      )
13         Plaintiff,                 )
                                      )   COMPLAINT FOR BREACH OF
14   vs.                              )   CONTRACT, ACCOUNT STATED AND
                                      )   UNJUST ENRICHMENT
15                                    )
   SIMON BARLAVA, an individual;      )
16 M. AARON YASHOUAFAR, an individual;)
   SOLYMAN YASHOUAFAR, an individual; )
17 and Does 1-100, inclusive;         )
                                      )
18         Defendants.                )
                                      )
19 _____ )

20

21      Plaintiff, Robert M. Heller, a Professional Law Corporation ("plaintiff"), alleges as

22 follows:

23                              **PARTIES**

24      1.    Plaintiff is a California corporation duly organized and existing under the laws of the

25 State of California with its principal place of business in the City and County of Los Angeles,

26 State of California.  Plaintiff is qualified to do business in California.

27

28

2.    Plaintiff is informed and believes and thereon alleges that defendant Simon Barlava is an individual who, at all relevant times, resided in and conducted business in the City and County of Los Angeles, State of California.

3.    Plaintiff is informed and believes and thereon alleges that defendant M. Aaron Yashouafar is an individual who, at all relevant times, resided in and conducted business in the City and County of Los Angeles, State of California.

4.    Plaintiff is informed and believes and thereon alleges that defendant Solyman Yashouafar is an individual who, at all relevant times, resided in and conducted business in the City and County of Los Angeles, State of California.

5.    The true names and capacities, individual, corporate, associate or otherwise, of defendants Does 1 through 100, inclusive are unknown to plaintiff, who therefore sues said defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each defendant designated herein as a Doe is legally responsible in some manner for the events and happenings referred to herein, and legally caused injury and damages approximately thereby to plaintiff, as alleged herein.

6.    Plaintiff is informed and believes and thereon alleges that, at all relevant times, defendants, and each of them, were and are the agents, servants, employees, alter egos, representatives and co-conspirators of all other defendants, and each of them.  Plaintiff is further informed, believes, and thereon alleges that each of the acts of the aforementioned defendants complained of herein was within the course and scope of the aforementioned agency, employment and at the advice, order, instruction, direction and control of each of the other defendants, with the knowledge, consent and/or ratification of defendants, and each of them.

## FACTS

7.    **Retainer Agreement**.  On or about August 6, 2010, Simon Barlava, M. Aaron Yashouafar and Solyman Yashouafar entered into a written agreement with plaintiff whereby said defendants retained plaintiff to provide legal representation to and for their benefit in connection with that lawsuit entitled *M. Aaron Yashouafar, Solyman Yashouafar, Simon Barlava, et al. adv. Bank of America, N.A,* L. A. Superior Court Case No. SC 102472.  The written retainer agreement

-2-

provided that said defendants would pay all legal fees incurred at plaintiff's attorneys' prevailing hourly rates and any costs which were advanced by plaintiff on said defendant's behalf. (A true and correct copy of that agreement, hereafter "Retainer Agreement," is attached hereto, marked Exhibit "A.")

8. **Amended Retainer Agreement**. On or about September 8, 2010, Simon Barlava, M. Aaron Yashouafar and Solyman Yashouafar entered into a written amended retainer agreement with plaintiff whereby said defendants retained plaintiff to provide legal representation to and for their benefit in connection with those lawsuits entitled *M. Aaron Yashouafar, Solyman Yashouafar, Simon Barlava, et al. adv. Bank of America, N.A*, L. A. Superior Court Case No. SC 102472 and *Milbank Holding Corp. adv. Bank of America, N.A.,* L. A. Superior Court Case No. BC 415625. The amended written retainer agreement provided that said defendants would pay all legal fees incurred at plaintiff's attorneys' prevailing hourly rates and any costs which were advanced by plaintiff on said defendant's behalf. (A true and correct copy of the amended retainer agreement, hereafter "Amended Retainer Agreement," is attached hereto, marked Exhibit "B.")

9. **Joint and Several Liability.** The Retainer Agreement and the Amended Retainer Agreement both include the following relevant provision: "If more than one client is executing this agreement, each agrees that such client is jointly and severally liable for all obligations under this agreement."

10. **Service Charge**. The Retainer Agreement and the Amended Retainer Agreement both included the following relevant provision: "All invoices are due and payable upon presentation of our statement. A service charge of 10% per annum is added to any balance which is more than thirty days past due from the date appearing on the billing."

11. **Notice of Right to Arbitrate**. Said defendants were previously given notice of right to arbitrate the fee dispute. (True and correct copies of the Clients' Notices of Right to Arbitration is attached hereto, marked, collectively, Exhibit "C.")

-3-

COMPLAINT FOR BREACH OF CONTRACT, ACCOUNT STATED AND UNJUST ENRICHMENT

Exhibit "A"

## FIRST CAUSE OF ACTION

### (Breach of Written Contract against All Defendants)

12.  Paragraphs 1 through 11, inclusive, are incorporated herein as though set forth in full hereat.

13.  On or about August 6, 2010, plaintiff entered into the Retainer Agreement with said defendants (Exhibit "A").

14.  On or about September 8, 2010, plaintiff entered into the Amended Retainer Agreement with said defendants (Exhibit "B").

15.  Thereafter, plaintiff performed all terms and conditions of the Retainer Agreement and the Amended Retainer Agreement, except those that may have been waived, excused or prevented.  In rendering the services herein alleged, plaintiff incurred fees, costs and expenses on behalf of said defendants.  As of December 1, 2014, there remained a balance due in the amount of $69,004.10, inclusive of accrued service charges at the contract rate of 10%.

16.  Said defendants breached the Retainer Agreement by failing to pay for the services rendered and the costs advanced, resulting in damages in an amount according to proof, but in no event less than the amount of $69,004.10, inclusive of accrued service charges at the contract rate of 10%.

## SECOND CAUSE OF ACTION

### (Account Stated - Against All Defendants)

17.  Paragraphs 1 through 11, inclusive, are incorporated herein as though fully set forth hereat.

18.  On or about December 1, 2014, an account was stated by and between plaintiff and said defendants, and on such account a balance of $69,004.10 was stated as due and owing.

19.  Although demand has been made of said defendants to pay said amount, neither all nor any part of the balance has been paid to date.

20.  There is now due, owing and unpaid, the sum of $69,004.10.

-4-

COMPLAINT FOR BREACH OF CONTRACT, ACCOUNT STATED AND UNJUST ENRICHMENT
Exhibit "A"

## THIRD CAUSE OF ACTION

### (Unjust Enrichment - Against All Defendants)

21.  Paragraphs 1 through 11, inclusive, are incorporated herein as though fully set forth hereat.

22.  Within the past four years, said defendants have been unjustly enriched in the amount of $69,004.10, in that plaintiff rendered services and advanced costs on behalf of said defendants which had value and which were beneficial to said defendants.

23.  Neither the whole nor any part of the above sum has been paid, although demand therefor has been made, and there is now due, owing and unpaid to plaintiff the sum of $69,004.10.

WHEREFORE, judgment is prayed, individually and collectively against said defendants as follows:

    1.      For damages in the sum of $69,004.10;

    2.      For pre- and post-judgment interest at the legal rate;

    3.      For attorneys' fees pursuant to CC §1717.5;

    4.      For costs of suit; and

    5.      For such further relief as is just and proper.

Robert M. Heller,
a Professional Law Corporation

By: _____
Robert M. Heller, Esq.
Attorneys for Plaintiff

COMPLAINT FOR BREACH OF CONTRACT, ACCOUNT STATED AND UNJUST ENRICHMENT
Exhibit "A"

**EXHIBIT A**

**EXHIBIT A**

# ROBERT M. HELLER

*a professional law corporation*

Robert M. Heller
Also admitted in New York

Of Counsel
Gary P. Kohn
Richard B. Skolnick

August 6, 2010

**By Email**

Mr. Aaron Yashouafar
660 S. Figueroa St., 24th Flr.
Los Angeles, CA  90017

*mayashoua@milbankRE.com*

Mr. Solyman Yashouafar
660 S. Figueroa St., 24th Flr.
Los Angeles, CA  90017

*syashoya@milbankRE.com*

Mr. Simon Barlava
2209 So. Santa Fe Ave.
Los Angeles, CA  90058

*simon@designcollection.com*

      Re:    *M. Aaron Yashouafar, Solyman Yashouafar, Simon Barlava, et al.
adv. Bank of America, N.A,* **L. A.** *Superior Court Case No. SC 102472*

Dear Messrs Yashouafar, Yashouafar and Barlava:

      We appreciate your requesting us to represent you and we thank you for the opportunity to be of assistance. Because we believe that it is important that our clients have a clear understanding of our policies regarding legal services and fees, this letter is somewhat formal.

      Scope of Services. We will provide the legal services reasonably required to represent you in connection with the above-captioned matter, as well as any other matters that may arise and which we agree to handle. We will take reasonable steps to keep you informed of our progress and to respond to your inquiries. You will be truthful and cooperative with us, keep us informed of developments, abide by this agreement and pay our bills on time. You will provide us, in a timely manner, with the information and documents that you have or which come into your possession relating to the matters we are handling and will be available to confer with us.

      Answering Questions. The attorney-client relationship is one of mutual trust and confidence. We do our best to see that our clients are satisfied not only with our services but also with the reasonableness of the fees and disbursements charged for those services. Whenever you have any questions or comments regarding our services, or whenever any new facts or considerations come to your attention, you should contact me. We also encourage you to inquire

Exhibit "A"

Yashouafar, Yashouafar & Barlava
August 6, 2010
Page 2

about any matter relating to our fee arrangements or statements that are in any way unclear or appear unsatisfactory.

Outcome and Contingency. Any opinions we express about the outcome of a legal matter are only our best professional estimates; they are necessarily limited by our knowledge of facts and law at the time opinions are expressed. Nothing in this agreement and nothing in our statements to you are to be construed as a promise or guarantee about the outcome of your matters. We make no such promises or guarantees. Unless specifically stated in a separate writing, signed by both of us, payment for our services is not contingent upon the outcome of any matter.

Fees; Estimates. Our contemplated services, and any other services which you might request that we perform, will be billed on an hourly basis at our prevailing rates. At present, our partner rate for litigation is $475, our partner (or of counsel) rate for transactional matters is $475 and the rates for other attorneys range from $295 to $355, depending upon the experience and expertise of the attorney performing the services. Our current hourly charge for paralegal time is $110. All services are billed in minimum increments of .25 hour, and our time is aggregated by the day for each lawyer performing services. Because of various uncertainties inherent in the rendition of legal services including, but not limited to, the unpredictability of the response of other parties, it is difficult to estimate the fees and costs which might be incurred. As a result, any estimates of fees and/or costs are just that, estimates.

The time devoted to your matters may include consultations with others (including others in our office), correspondence, meetings, telephone calls (including calls with you or opposing counsel), negotiations, factual investigations and analysis, legal research and analysis, document preparation and revision, travel away from the office on your behalf and all other work related to your matters. When more than one of our legal personnel is involved in a telephone conference, meeting or court hearing, each person will record the time expended.

Additional Services and Outside Expenditures. We may provide additional services in-house in connection with our legal representation of you. These in-house additional services typically include photocopying, computerized research, facsimile services, long distance telephone, postage, staff overtime, word processing and small field expenses for mileage, meals, parking, lodging and the like. Our practice is to bill these directly at our usual and customary rates. Please inquire if you have a question about these charges.

Our legal representation may also involve additional services provided by third-party vendors. You will be required either to pay for these outside additional services directly, or to reimburse us if we make payment for these services on your behalf. We sometimes will make payment for, and then bill you for reimbursement of smaller items such as filing fees, photocopying by outside copying services, recording fees, messenger services, service of process, and Court fees. When there are substantial expenditures involving outside vendors (such as depositions, expert witnesses, exhibit preparation or air fare) or substantial out-of-pocket

Yashouafar, Yashouafar & Barlava
August 6, 2010
Page 3

expenditures (such as extended field expenses, large outside copying jobs or jury fees), we will
endeavor to consult with you about them and will require either that you pay those sums to us
before we expend them, that you provide an advance deposit for such expenditures, or that you
directly contract with and pay the outside vendor.

In the event that a particular matter requires that services of a specialist, or you require
legal services in an area in which we feel that we do not have sufficient expertise to effectively
counsel you, we reserve the right to retain a specialist in the field, to be approved by you, and the
charges for these services will be at such specialist's prevailing rates and, at our discretion, will
be billed to you directly by the specialist or by us.

Monthly Statements and Payment Terms. Our practice is to send a monthly statement of
our charges for legal services, in-house additional services and for reimbursement of payments
made on your behalf for outside additional services. We reserve the right to, and may, bill you on
a semi-monthly basis. The detail in the statement will inform you of the nature and progress of
our work and of the charges and expenditures being incurred.

Each statement is fully due and payable upon receipt, but in no event later than thirty days
after its issuance date (or fifteen days if it is a semi-monthly statement). We reserve the right to
charge, at the rate of ten per cent per year, a late payment fee on the unpaid balance of any
statement not timely paid in full, computed from thirty days after the statement issuance date (or
fifteen days if it is a semi-monthly statement) until payment is received.

We reserve the right to withdraw from representation of you and to cease performing
immediately all services if we do not receive full payment of any amounts owed to us within
thirty days of any statement.

We do our best to see to it that our clients are satisfied not only with our legal
representation and services, but also with the reasonableness of our charges. Therefore, if you
have any questions about or objection to a monthly statement, our services or our charges, then
you should raise it promptly for discussion. In the absence of any written objection by you within
thirty days of issuance of any statement rendered by us (or fifteen days if you are billed on a semi-
monthly basis), you will be deemed to have accepted and acknowledged the statement as correct
through the period covered. Further, if you object to only a portion of the charges on a statement,
then you agree to pay the remainder, which will not constitute a waiver of your objection.

Retainer. Normally, prior to commencement of our services, we require a retainer. In this
case we have agreed on a retainer of $25,000. We reserve the right to require that you deposit an
additional retainer for fees and/or costs in advance with us from time to time. That would most
likely be necessary should we represent you in litigation, or, if you are retaining us in connection
with a litigation matter, then in advance of trial. If you are retaining us in connection with a
litigation matter, and a trial date, arbitration hearing date or other equivalent date is set by a
tribunal to hear your case, then, in such event, you agree that no later than thirty days before said

1875 Century Park East, Suite 1000, Los Angeles, CA 90067    t (310) 286 1515    f (310) 286 0046
heller@rhellerlaw.com    www.rhellerlaw.com

Exhibit "A"

Yashouafar, Yashouafar & Barlava
August 6, 2010
Page 4

hearing date, all outstanding fees and costs will be paid in full and a new retainer in an amount to
be discussed and agreed upon will be deposited with us. Regardless of whether we request a trial
retainer or not, all outstanding fees and costs must be paid before said hearing date. You agree
that if you do not pay these sums by these dates, we will have the right to withdraw as your
attorneys. You should be aware that any retainer will be applied against your billing at the end of
each billing period and once exhausted, we may require payment of an additional retainer as and
when billed. In other words, if during any billing period the retainer is exhausted, your bill for
that period would require payment of such deficiency, together with the amounts due for services
rendered.

Joint and Several Liability. (a) If this agreement pertains to entity (e.g., a corporation,
LLC, etc.) representation and we have specified that a signature is required both by an individual
as a representative of the entity and by the specified individual alone, signature in any one
capacity shall be deemed signature in both capacities and the corporation and individual shall be
jointly and severally liable for all obligations under this agreement. (b) If this Agreement pertains
to individual representation, we may, nevertheless, under appropriate circumstances, if requested
by you, direct our billing to a corporation or other entity which you own and/or control.
However, you will remain personally liable for the payment of fees and costs if the entity to
whom the bills are directed does not pay them.   (c) If more than one client is executing this
agreement, each agrees that such client is jointly and severally liable for all obligations under this
agreement.

Insurance Coverage. It is possible that you may have insurance relating to a matter with
respect to which you request our assistance. You should carefully check all policies and, if
coverage may be available, notify the insurance company about the matters as soon as possible.
We do not undertake any responsibility to advise you as to the existence, applicability or
availability of insurance coverage for any of the matters to be handled by us unless you have
provided us with copies of your policies and expressly request our advice as to potential coverage.
If an insurance company undertakes the payment of any portion of our statements, you will still
remain responsible for any amounts not paid by the insurance company.

Consent to Electronic Communications. In order to maximize efficiency, we intend to use
state of the art communications devices to the fullest extent possible (e.g., E-Mail, document
transfer by computer, cellular telephones and facsimile transmission). The use of such devices
under current technology may place your confidences and privileges at risk. However, we believe
the effectiveness involved in use of these devices outweighs the risk of accidental disclosure. By
signing this letter, you acknowledge and consent to the use of these devices.

Tax Consequences. It is possible that our representation may result in a monetary or other
recovery of tangible value to you. Such recovery may, in turn, be subject to certain tax
consequences. In the event that such a recovery is sought by you, you should consult with your
own accountant or tax attorney so that you may factor such consequences into your decisions
about how you would like us to proceed with your representation, e.g. whether or not to settle

1875 Century Park East, Suite 1000, Los Angeles, CA 90067    t (310) 286 1515    f (310) 286 0046
heller@rhellerlaw.com    www.rhellerlaw.com

Exhibit "A"

Yashouafar, Yashouafar & Barlava
August 6, 2010
Page 5

your case, and if so how such settlement might be structured, as opposed to going to trial. We do not undertake any responsibility to advise you regarding such matters.

Discharge and Withdrawal. You may discharge us at any time. We may withdraw with your consent or for good cause. "Good cause" includes your breach of this agreement, refusal to cooperate or to follow our advice on a material matter or any fact or circumstance that would render our continuing representation unlawful or unethical. If we withdraw for good cause you shall cooperate with us in obtaining a court order relieving us as counsel of record in any court proceeding.

Duties Upon Termination of Active Representation. Upon termination of our active involvement in a particular matter for which we had previously been engaged, we will have no further duty to inform you of future developments or changes in law which may be relevant to such matter in which our representation has terminated. Further, unless you and we agree in writing to the contrary, we will have no obligation to monitor renewal or notice dates or similar deadlines which may arise from the matters for which we had been engaged. If your matter involves obtaining a judgment and such judgment is obtained, we will only be responsible for those post judgment services (such as recordings abstracts, filing judgment liens and calendaring renewals of judgments) as are expressly agreed to by us in writing.

Document Storage Policies. Our policy with regard to documents and other materials at the conclusion of matter is to maintain them in storage for a period of no more than three years. All documents and other materials in our file will then be destroyed or discarded without notice to you. Accordingly, if there are any documents or other materials you wish to have retrieved from your file at the conclusion of a matter, it will be necessary for you to advise us of that request to ensure that they are not destroyed.

Lien. We shall have a lien for all unpaid legal fees, additional services and outside expenditures on all claims or causes of action that are the subject of our representation of you pursuant to this Agreement. Said lien shall attach to any recovery that you may obtain, whether by settlement, arbitration award, jury verdict, court judgment or otherwise.

Arbitration. We appreciate the opportunity to serve as your attorneys and anticipate a productive and harmonious relationship. If you should feel for any reason that there is a problem with the services we have performed or with our charges, we encourage you to bring that to our attention immediately. If we perceive a problem, we likewise will endeavor to discuss it with you. Most problems should be rectified by communication and discussion. However, a dispute might arise between us. We believe that such attorney-client disputes are most satisfactorily resolved through final and binding arbitration rather than by litigation.

In arbitration, there is no right to a trial by jury and the arbitrator's legal and factual determinations are generally not subject to appellate review. Arbitration rules of evidence and procedure are often less formal and less rigid than the rules which apply in Court. Arbitration

Exhibit "A"

Yashouafar, Yashouafar & Barlava
August 6, 2010
Page 6

usually results in a decision much more quickly than proceedings in Court and the attorneys' fees and other costs incurred by both sides may be substantially less. You are encouraged to discuss the advisability of arbitration with us, or with your own independent counsel.

By signing this Agreement, we agree that, in the event of any dispute or claim arising out of or relating to this Agreement, our relationship, our charges, or our services (including but not limited to disputes or claims regarding our charges, professional malpractice, errors or omissions, breach of contract, breach of fiduciary duty, fraud or violation of any statute), SUCH DISPUTE OR CLAIM SHALL BE RESOLVED BY SUBMISSION TO FINAL AND BINDING ARBITRATION BEFORE ADR SERVICES, LOCATED AT 1900 AVENUE OF THE STARS, LOS ANGELES, CALIFORNIA. BY AGREEING TO ARBITRATE, YOU WAIVE ANY RIGHT YOU HAVE TO A COURT OR JURY TRIAL. Venue with regard to any ancillary proceedings arising out of such dispute or claims shall also be in Los Angeles, County, including any mandatory fee arbitration required by Business and Professions Code sections 6200 et seq. The fees of the arbitrator(s) will be paid initially equally by both of us. However, the arbitrator(s) shall have the right to order either party to pay all fees and costs as part of his award.

In arbitration, we shall both be entitled to conduct discovery in accordance with the provisions of the California Code of Civil Procedure, but either of us may request that the arbitrator limit the amount or scope of such discovery and, in determining whether to do so, the arbitrator shall balance the need for discovery against the mutual desire to resolve disputes expeditiously and inexpensively.

Conflict Waiver. You have asked our firm to serve as legal counsel to the three of you in connection with the above-referenced matter. With respect thereto, we wish to set forth the following:

A.    Conflicts of Interest

Our joint representation of all of you in connection with the subject legal proceedings may create certain conflicts of interest. Your own individual interests may become inconsistent with the interests of the others as the subject legal proceedings progress.

B.    Risks of Multiple Representation

Although joint representation may have the advantage of convenience, efficiency or reduced legal expense, joint representation also has several disadvantages that you must acknowledge and accept as a condition to our engagement. Joint representation may result in less vigorous assertion or protection of one party's individual or separate interests than if we were to represent only that party. Rather than vigorously asserting the interests of one party as our client against the others not represented by us, we, as a practical matter, must balance the interests of all the jointly represented parties we represent as clients in this engagement. Consequently, the most

Exhibit "A"

Yashouafar, Yashouafar & Barlava
August 6, 2010
Page 7

favorable treatment for a given party may not be achieved under circumstances where all parties involved with a legal proceeding are represented by us.

Further, our joint representation may also result in a loss of the attorney-client privilege for communications between any of you and members of our firm. Specifically, no attorney-client privilege would apply to communications between you or with us in any dispute between or among you. In other words, we cannot keep confidential from one of you any communication with another one of you in the course of the joint representation, and we could be compelled to testify concerning such communication. Also, our possession of confidential information from any other representation of one or more of you may work to the advantage or disadvantage of one or more of you.

When we communicate with you concerning matters of potential conflict, or the pros and cons of any particular item, we may rely on communications with fewer than all of you. For this reason and possibly others, joint representation may have the disadvantage of communication that is less complete or effective than if we represented only one party.

The law is complex, especially as applied to actual facts and circumstances, and the applicable factual circumstances also may be complicated. Therefore, as a practical matter, it is not possible to anticipate and describe all of the potential conflicts of interest between or among you, or all of the adverse effects of those conflicts upon your representation.

Finally, in the event of a dispute between one or more of you, we may be precluded from representing any individual party, and may be unable to represent anyone at all.

C.  Acknowledgments

You have advised us that you do not wish to seek other legal counsel in the matters described in this letter and, instead, desire that we represent your joint interests in connection with the subject litigation. Further, we understand that you do not perceive any existing actual conflict in the described joint representation.

By signing this letter, you waive the potential conflicts of interest arising from such joint representation and acknowledge that if any actual dispute arises between or among you concerning the subject of the joint representation, absent further consent from each of you, we may be required to withdraw as counsel to one or more of you. If we withdraw, the persons who then engage independent counsel may incur legal costs (e.g., for new counsel to become familiar with the matter) that would be avoided by separate representation from the onset.

As attorneys, we are governed by specific rules relating to our representation of clients when present or potential conflicts of interest exist. Rule 3-310 of the Rules of Professional Conduct of the State Bar of California is attached as Exhibit A. Pursuant to the attached Rule, we must request that you sign and return to us a copy of this letter acknowledging that:

1875 Century Park East, Suite 1000, Los Angeles, CA 90067    t (310) 286 1515    f (310) 286 0046
heller@rhellerlaw.com    www.rhellerlaw.com

Exhibit "A"

Yashouafar, Yashouafar & Barlava
August 6, 2010
Page 8

     1.      You have been advised of the aforesaid Rule 3-310 and of the conflicts associated with your interests; and

     2.      You nevertheless want us to represent all of you in connection with the matters described above.

     You will, of course, have the right to terminate our legal representation in this matter at any time. Similarly, we also will have the right to terminate the representation at any time, subject to our ethical obligations to give you reasonable notice to arrange for alternative representation.

     We want to stress that you remain completely free to seek independent legal counsel now or at any time hereafter, even if you decide to sign this letter. If you have any questions concerning this letter, please discuss them with us or more appropriately your own legal counsel before signing and returning the enclosed letter.

     <u>Severability in Event of Partial Invalidity</u>. If any provision of this Agreement is held by a court or other tribunal of competent jurisdiction, in whole or in part, to be invalid, illegal or unenforceable in any respect, for any reason, the validity, legality and enforceability of the remainder of that provision, any other remaining provisions, and of the entire Agreement shall not in any way be affected or impaired thereby, and shall be interpreted, to the extent possible, to achieve the purposes as originally expressed with the provision found to be invalid, illegal or unenforceable. Each provision hereof is intended to be severable, and the validity, legality or enforceability of any provision of this Agreement shall not affect the validity, legality or enforceability of the remainder of this Agreement.

     <u>Consent</u>. If the foregoing is a satisfactory expression of our agreement, kindly execute and date the enclosed copy of this letter where indicated and return it to us. You should be aware that until we receive the signed copy of this letter, together with your retainer, we will not begin or, if applicable, continue to perform services.

1875 Century Park East, Suite 1000, Los Angeles, CA 90067    t (310) 286 1515    f (310) 286 0046
heller@rhellerlaw.com    www.rhellerlaw.com

Exhibit "A"

Yashouafar, Yashouafar & Barlava
August 6, 2010
Page 9


　　　　We appreciate the opportunity to work with you and look forward to a beneficial
relationship.

　　　　　　　　　　　　　　　　　Cordially,

　　　　　　　　　　　　　　　　　Robert M. Heller,
　　　　　　　　　　　　　　　　　a Professional Law Corporation


　　　　　　　　　　　　　　　By: _Robert M. Heller_
　　　　　　　　　　　　　　　　　Robert M. Heller, Esq.


Understood and Agreed
this _10th_ day of August, 2010



_____
M. Aaron Yashouafar

_____
Solyman Yashouafar

_____
Simon Barlava



cc: Homan Taghdiri (htaghdiri@milbankRE.com)



1875 Century Park East, Suite 1000, Los Angeles, CA 90067    t (310) 286 1515    f (310) 286 0046
heller@rhellerlaw.com    www.rhellerlaw.com

Exhibit "A"

Yashouafar, Yashouafar & Barlava
August 6, 2010
Page 9


      We appreciate the opportunity to work with you and look forward to a beneficial relationship.

                    Cordially,

                    Robert M. Heller,
                    a Professional Law Corporation


                    By: _Robert M. Heller, esq_
                       Robert M. Heller, Esq.


Understood and Agreed
this _10_ day of August, 2010

_____
M. Aaron Yashouafar

_____
Solyman Yashouafar

_____
Simon Barlava


cc:  Homan Taghdiri (htaghdiri@milbankRE.com)

1875 Century Park East, Suite 1000, Los Angeles, CA 90067    t (310) 286 1515    f (310) 286 0046
heller@rhellerlaw.com    www.rhellerlaw.com

Exhibit "A"

Yashouafar, Yashouafar & Barlava
August 6, 2010
Page 9


We appreciate the opportunity to work with you and look forward to a beneficial relationship.

Cordially,

Robert M. Heller,
a Professional Law Corporation


By: _Robert M. Heller, esq_
Robert M. Heller, Esq.

Understood and Agreed
this _10th_ day of August, 2010



_____
M. Aaron Yashouafar

_____
Solyman Yashouafar

_____
Simon Barlava


cc: Homan Taghdiri (htaghdiri@milbankRE.com)

1875 Century Park East, Suite 1000, Los Angeles, CA 90067    t (310) 286 1515    f (310) 286 0046
heller@rhellerlaw.com    www.rhellerlaw.com

Yashouafar, Yashouafar & Barlava
August 6, 2010
Page 10

## EXHIBIT A
### Rule 3-310
#### <u>Avoiding the Representation of Adverse Interests</u>

A.   If a member has or had a relationship with another party interested in the representation, or has an interest in its subject matter, the member shall not accept or continue such representation without all affected clients' informed written consent.

B.   A member shall not concurrently represent clients whose interests conflict except with their informed written consent.

C.   A member who represents two or more clients shall not enter into an aggregate settlement of the claims of or against the clients, except with their informed written consent.

D.   A member shall not accept employment adverse to a client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment except with the informed written consent of the client or former client.

E.   A member shall not accept compensation for representing a client from one other than the client unless:

1.        There is no interference with the member's independence of professional judgment or with the client-lawyer relationship; and

2.        Information relating to representation of a client is protected as required by Business and Professionals Code Section 6068, Subdivision (e); and

3.        The client consents after disclosure, provided that no disclosure is required if;

a.        such nondisclosure is otherwise authorized by law, or

b.        the member is rendering legal services on behalf of any public agency which provides legal services to other public agencies or members of the public.

F.   As used in the rule, "informed" means full disclosure to the client of the circumstances and advice to the client of any actual or reasonably foreseeable adverse effects of those circumstances upon the representation.

1875 Century Park East, Suite 1000, Los Angeles, CA 90067    t (310) 286 1515    f (310) 286 0046
heller@rhellerlaw.com    www.rhellerlaw.com

**EXHIBIT B**

**EXHIBIT B**

Exhibit "A"

# ROBERT M. HELLER
*a professional law corporation*

Robert M. Heller
Also admitted in New York

Of Counsel
Gary P. Kohn
Richard B. Skolnick

September 8, 2010

*By Email*

Mr. M. Aaron Yashouafar                    *mayashoua@milbankRE.com*
660 S. Figueroa St., 24th Flr.
Los Angeles, CA 90017

Mr. Solyman Yashouafar                     *sayashoua@milbankRE.com*
660 S. Figueroa St., 24th Flr.
Los Angeles, CA 90017

Mr. Simon Barlava                          *simon@designcollection.com*
2209 So. Santa Fe Ave.
Los Angeles, CA 90058

Re:    1.    *M. Aaron Yashouafar, Solyman Yashouafar, Simon Barlava, Roosevelt
             Loft, LLC and The Roosevelt Lofts, Inc., adv. Bank of America, N.A.*
             **L. A. Superior Court Case No. SC 102472**

       2.    *Milbank Holding Corp. adv. Bank of America, N.A.*
             **L. A. Superior Court Case No. BC 415625**

Dear Messrs Yashouafar, Yashouafar and Barlava:

Enclosed with this letter is a retainer agreement to cover our representation of Milbank
Holding Corp. in the second above-captioned matter. While it is essentially the same retainer
agreement as in the first above-captioned matter, it is necessary that this new retainer agreement
with Milbank be signed because we will be taking on the representation of that entity.
Accordingly, I request that the three of you sign it, where indicated, and return it to us, together
with a retainer check in the sum of $10,000 to cover that new matter.

In addition to the foregoing, we will be representing The Roosevelt Lofts, Inc. Given this
change, I believe it is appropriate to advise you that you should seek the advice of independent
legal counsel before signing this letter and returning same to me confirming the changes to our
representation.

1875 Century Park East, Suite 1000, Los Angeles, CA 90067    t (310) 286 1515    f (310) 286 0046
heller@rhellerlaw.com    www.rhellerlaw.com

Exhibit "A"

Yashouafar & Yashouafar
September 8, 2010
Page 2

Should you have any questions or wish to discuss the foregoing, please do not hesitate to contact me. Again, we appreciate the opportunity to work with you and look forward to a beneficial relationship.

Cordially,

Robert M. Heller,
a Professional Law Corporation

By: _____
Robert M. Heller, Esq.

Milbank Holding Corp.

By: _____
M. Aaron Yashouafar, President

_____
M. Aaron Yashouafar

_____
Solyman Yashouafar

_____
Simon Barlava

Encl.
cc: Homan Taghdiri (htaghdiri@milbankRE.com)

Exhibit "A"

# ROBERT M. HELLER

*a professional law corporation*

Robert M. Heller
Also admitted in New York

Of Counsel
Gary P. Kohn
Richard B. Skolnick

September 8, 2010

<u>By Email</u> *mayashoua@milbankRE.com*

Milbank Holding Corp.
660 S. Figueroa St., 24th Flr.
Los Angeles, CA 90017

Attn: Mr. M. Aaron Yashouafar

Re:    ***Milbank Holding Corp. adv. Bank of America, N.A.***
       <u>**L. A. Superior Court Case No. BC 415625**</u>

Dear Mr. Yashouafar:

        We appreciate your requesting us to represent Milbank Holding Corp. in the above-captioned matter and we thank you for the opportunity to be of assistance. Because we believe that it is important that our clients have a clear understanding of our policies regarding legal services and fees, this letter is somewhat formal.

        <u>Scope of Services.</u>  We will provide the legal services reasonably required to represent you in connection with the above-captioned matter, as well as any other matters that may arise and which we agree to handle. We will take reasonable steps to keep you informed of our progress and to respond to your inquiries. You will be truthful and cooperative with us, keep us informed of developments, abide by this agreement and pay our bills on time. You will provide us, in a timely manner, with the information and documents that you have or which come into your possession relating to the matters we are handling and will be available to confer with us.

        <u>Answering Questions.</u>  The attorney-client relationship is one of mutual trust and confidence. We do our best to see that our clients are satisfied not only with our services but also with the reasonableness of the fees and disbursements charged for those services. Whenever you have any questions or comments regarding our services, or whenever any new facts or considerations come to your attention, you should contact me. We also encourage you to inquire about any matter relating to our fee arrangements or statements that are in any way unclear or appear unsatisfactory.

1875 Century Park East, Suite 1000, Los Angeles, CA 90067    t (310) 286 1615    f (310) 286 0046
heller@rhellerlaw.com    www.rhellerlaw.com

Milbank Holding Corp.
Attn: Mr. M. Aaron Yashouafar
September 8, 2010
Page 2

Outcome and Contingency.  Any opinions we express about the outcome of a legal matter
are only our best professional estimates; they are necessarily limited by our knowledge of facts
and law at the time opinions are expressed.  Nothing in this agreement and nothing in our
statements to you are to be construed as a promise or guarantee about the outcome of your
matters.  We make no such promises or guarantees.  Unless specifically stated in a separate
writing, signed by both of us, payment for our services is not contingent upon the outcome of any
matter.

Fees: Estimates.  Our contemplated services, and any other services which you might
request that we perform, will be billed on an hourly basis at our prevailing rates.  At present, our
partner rate for litigation is $475, our partner (or of counsel) rate for transactional matters is $475
and the rates for other attorneys range from $295 to $355, depending upon the experience and
expertise of the attorney performing the services.  Our current hourly charge for paralegal time is
$110.  All services are billed in minimum increments of .25 hour, and our time is aggregated by
the day for each lawyer performing services.  Because of various uncertainties inherent in the
rendition of legal services including, but not limited to, the unpredictability of the response of
other parties, it is difficult to estimate the fees and costs which might be incurred.  As a result, any
estimates of fees and/or costs are just that, estimates.

The time devoted to your matters may include consultations with others (including others
in our office), correspondence, meetings, telephone calls (including calls with you or opposing
counsel), negotiations, factual investigations and analysis, legal research and analysis, document
preparation and revision, travel away from the office on your behalf and all other work related to
your matters.  When more than one of our legal personnel is involved in a telephone conference,
meeting or court hearing, each person will record the time expended.

Additional Services and Outside Expenditures.   We may provide additional services in-
house in connection with our legal representation of you.  These in-house additional services
typically include photocopying, computerized research, facsimile services, long distance
telephone, postage, staff overtime, word processing and small field expenses for mileage, meals,
parking, lodging and the like.  Our practice is to bill these directly at our usual and customary
rates.  Please inquire if you have a question about these charges.

Our legal representation may also involve additional services provided by third-party
vendors.  You will be required either to pay for these outside additional services directly, or to
reimburse us if we make payment for these services on your behalf.  We sometimes will make
payment for, and then bill you for reimbursement of smaller items such as filing fees,
photocopying by outside copying services, recording fees, messenger services, service of process,
and Court fees.  When there are substantial expenditures involving outside vendors (such as
depositions, expert witnesses, exhibit preparation or air fare) or substantial out-of-pocket
expenditures (such as extended field expenses, large outside copying jobs or jury fees), we will
endeavor to consult with you about them and will require either that you pay those sums to us

1875 Century Park East, Suite 1000, Los Angeles, CA 90067    t (310) 286 1515    f (310) 286 0046
heller@rhellerlaw.com    www.rhellerlaw.com

Milbank Holding Corp.
Attn: Mr. M. Aaron Yashouafar
September 8, 2010
Page 3

before we expend them, that you provide an advance deposit for such expenditures, or that you directly contract with and pay the outside vendor.

In the event that a particular matter requires that services of a specialist, or you require legal services in an area in which we feel that we do not have sufficient expertise to effectively counsel you, we reserve the right to retain a specialist in the field, to be approved by you, and the charges for these services will be at such specialist's prevailing rates and, at our discretion, will be billed to you directly by the specialist or by us.

Monthly Statements and Payment Terms. Our practice is to send a monthly statement of our charges for legal services, in-house additional services and for reimbursement of payments made on your behalf for outside additional services. We reserve the right to, and may, bill you on a semi-monthly basis. The detail in the statement will inform you of the nature and progress of our work and of the charges and expenditures being incurred.

Each statement is fully due and payable upon receipt, but in no event later than thirty days after its issuance date (or fifteen days if it is a semi-monthly statement). We reserve the right to charge, at the rate of ten per cent per year, a late payment fee on the unpaid balance of any statement not timely paid in full, computed from thirty days after the statement issuance date (or fifteen days if it is a semi-monthly statement) until payment is received.

We reserve the right to withdraw from representation of you and to cease performing immediately all services if we do not receive full payment of any amounts owed to us within thirty days of any statement.

We do our best to see to it that our clients are satisfied not only with our legal representation and services, but also with the reasonableness of our charges. Therefore, if you have any questions about or objection to a monthly statement, our services or our charges, then you should raise it promptly for discussion. In the absence of any written objection by you within thirty days of issuance of any statement rendered by us (or fifteen days if you are billed on a semi-monthly basis), you will be deemed to have accepted and acknowledged the statement as correct through the period covered. Further, if you object to only a portion of the charges on a statement, then you agree to pay the remainder, which will not constitute a waiver of your objection.

Retainer. Normally, prior to commencement of our services, we require a retainer. In this case we request a retainer of $10,000. We reserve the right to require that you deposit an additional retainer for fees and/or costs in advance with us from time to time. That would most likely be necessary should we represent you in litigation, or, if you are retaining us in connection with a litigation matter, then in advance of trial. If you are retaining us in connection with a litigation matter, and a trial date, arbitration hearing date or other equivalent date is set by a tribunal to hear your case, then, in such event, you agree that no later than thirty days before said hearing date, all outstanding fees and costs will be paid in full and a new retainer in an amount to be discussed and agreed upon will be deposited with us. Regardless of whether we request a trial

Milbank Holding Corp.
Attn: Mr. M. Aaron Yashouafar
September 8, 2010
Page 4

retainer or not, all outstanding fees and costs must be paid before said hearing date. You agree that if you do not pay these sums by these dates, we will have the right to withdraw as your attorneys. You should be aware that any retainer will be applied against your billing at the end of each billing period and once exhausted, we may require payment of an additional retainer as and when billed. In other words, if during any billing period the retainer is exhausted, your bill for that period would require payment of such deficiency, together with the amounts due for services rendered.

Joint and Several Liability. (a) If this agreement pertains to entity (e.g., a corporation, LLC, etc.) representation and we have specified that a signature is required both by an individual as a representative of the entity and by the specified individual alone, signature in any one capacity shall be deemed signature in both capacities and the corporation and individual shall be jointly and severally liable for all obligations under this agreement. (b) If this Agreement pertains to individual representation, we may, nevertheless, under appropriate circumstances, if requested by you, direct our billing to a corporation or other entity which you own and/or control. However, you will remain personally liable for the payment of fees and costs if the entity to whom the bills are directed does not pay them. (c) If more than one client is executing this agreement, each agrees that such client is jointly and severally liable for all obligations under this agreement.

Insurance Coverage. It is possible that you may have insurance relating to a matter with respect to which you request our assistance. You should carefully check all policies and, if coverage may be available, notify the insurance company about the matters as soon as possible. We do not undertake any responsibility to advise you as to the existence, applicability or availability of insurance coverage for any of the matters to be handled by us unless you have provided us with copies of your policies and expressly request our advice as to potential coverage. If an insurance company undertakes the payment of any portion of our statements, you will still remain responsible for any amounts not paid by the insurance company.

Consent to Electronic Communications. In order to maximize efficiency, we intend to use state of the art communications devices to the fullest extent possible (e.g., E-Mail, document transfer by computer, cellular telephones and facsimile transmission). The use of such devices under current technology may place your confidences and privileges at risk. However, we believe the effectiveness involved in use of these devices outweighs the risk of accidental disclosure. By signing this letter, you acknowledge and consent to the use of these devices.

Tax Consequences. It is possible that our representation may result in a monetary or other recovery of tangible value to you. Such recovery may, in turn, be subject to certain tax consequences. In the event that such a recovery is sought by you, you should consult with your own accountant or tax attorney so that you may factor such consequences into your decisions about how you would like us to proceed with your representation, e.g. whether or not to settle your case, and if so how such settlement might be structured, as opposed to going to trial. We do not undertake any responsibility to advise you regarding such matters.

Exhibit "A"

Milbank Holding Corp.
Attn: Mr. M. Aaron Yashouafar
September 8, 2010
Page 5

Discharge and Withdrawal. You may discharge us at any time. We may withdraw with your consent or for good cause. "Good cause" includes your breach of this agreement, refusal to cooperate or to follow our advice on a material matter or any fact or circumstance that would render our continuing representation unlawful or unethical. If we withdraw for good cause you shall cooperate with us in obtaining a court order relieving us as counsel of record in any court proceeding.

Duties Upon Termination of Active Representation. Upon termination of our active involvement in a particular matter for which we had previously been engaged, we will have no further duty to inform you of future developments or changes in law which may be relevant to such matter in which our representation has terminated. Further, unless you and we agree in writing to the contrary, we will have no obligation to monitor renewal or notice dates or similar deadlines which may arise from the matters for which we had been engaged. If your matter involves obtaining a judgment and such judgment is obtained, we will only be responsible for those post judgment services (such as recordings abstracts, filing judgment liens and calendaring renewals of judgments) as are expressly agreed to by us in writing.

Document Storage Policies. Our policy with regard to documents and other materials at the conclusion of matter is to maintain them in storage for a period of no more than three years. All documents and other materials in our file will then be destroyed or discarded without notice to you. Accordingly, if there are any documents or other materials you wish to have retrieved from your file at the conclusion of a matter, it will be necessary for you to advise us of that request to ensure that they are not destroyed.

Lien. We shall have a lien for all unpaid legal fees, additional services and outside expenditures on all claims or causes of action that are the subject of our representation of you pursuant to this Agreement. Said lien shall attach to any recovery that you may obtain, whether by settlement, arbitration award, jury verdict, court judgment or otherwise.

Arbitration. We appreciate the opportunity to serve as your attorneys and anticipate a productive and harmonious relationship. If you should feel for any reason that there is a problem with the services we have performed or with our charges, we encourage you to bring that to our attention immediately. If we perceive a problem, we likewise will endeavor to discuss it with you. Most problems should be rectified by communication and discussion. However, a dispute might arise between us. We believe that such attorney-client disputes are most satisfactorily resolved through final and binding arbitration rather than by litigation.

In arbitration, there is no right to a trial by jury and the arbitrator's legal and factual determinations are generally not subject to appellate review. Arbitration rules of evidence and procedure are often less formal and less rigid than the rules which apply in Court. Arbitration usually results in a decision much more quickly than proceedings in Court and the attorneys' fees

1875 Century Park East, Suite 1000, Los Angeles, CA 90067    t (310) 286 1515    f (310) 286 0046
heller@rhellerlaw.com    www.rhellerlaw.com

Exhibit "A"

Milbank Holding Corp.
Attn: Mr. M. Aaron Yashouafar
September 8, 2010
Page 6

and other costs incurred by both sides may be substantially less.  You are encouraged to discuss the advisability of arbitration with us, or with your own independent counsel.

By signing this Agreement, we agree that, in the event of any dispute or claim arising out of or relating to this Agreement, our relationship, our charges, or our services (including but not limited to disputes or claims regarding our charges, professional malpractice, errors or omissions, breach of contract, breach of fiduciary duty, fraud or violation of any statute), SUCH DISPUTE OR CLAIM SHALL BE RESOLVED BY SUBMISSION TO FINAL AND BINDING ARBITRATION BEFORE ADR SERVICES, LOCATED AT 1900 AVENUE OF THE STARS, LOS ANGELES, CALIFORNIA.  BY AGREEING TO ARBITRATE, YOU WAIVE ANY RIGHT YOU HAVE TO A COURT OR JURY TRIAL.  Venue with regard to any ancillary proceedings arising out of such dispute or claims shall also be in Los Angeles, County, including any mandatory fee arbitration required by Business and Professions Code sections 6200 et seq. The fees of the arbitrator(s) will be paid initially equally by both of us.  However, the arbitrator(s) shall have the right to order either party to pay all fees and costs as part of his award.

In arbitration, we shall both be entitled to conduct discovery in accordance with the provisions of the California Code of Civil Procedure, but either of us may request that the arbitrator limit the amount or scope of such discovery and, in determining whether to do so, the arbitrator shall balance the need for discovery against the mutual desire to resolve disputes expeditiously and inexpensively.

Severability in Event of Partial Invalidity.  If any provision of this Agreement is held by a court or other tribunal of competent jurisdiction, in whole or in part, to be invalid, illegal or unenforceable in any respect, for any reason, the validity, legality and enforceability of the remainder of that provision, any other remaining provisions, and of the entire Agreement shall not in any way be affected or impaired thereby, and shall be interpreted, to the extent possible, to achieve the purposes as originally expressed with the provision found to be invalid, illegal or unenforceable.  Each provision hereof is intended to be severable, and the validity, legality or enforceability of any provision of this Agreement shall not affect the validity, legality or enforceability of the remainder of this Agreement.

Consent.  If the foregoing is a satisfactory expression of our agreement, kindly execute and date the enclosed copy of this letter where indicated and return it to us.  You should be aware that until we receive the signed copy of this letter, together with your retainer, we will not begin or, if applicable, continue to perform services.

**EXHIBIT C**

**EXHIBIT C**

Exhibit "A"

# Notice of Client's Right To Arbitration

Simon Barlava
Client's Name
2209 So. Santa Fe Ave.
Client's Address
Los Angeles, CA 90058

Robert M. Heller
Attorney's Name
1875 Century Park East, Ste. 1000
Attorney's Address
Los Angeles, CA 90067

You have an outstanding balance for fees and/or costs for professional services in the amount of  $ 63,508.77

charged to you in the matter of 1) M. Aaron Yashouafar et al. adv. Bank of America, N.A. & 2) Milbank Holding Corp. adv. Bank of
America, N.A

☐ I have filed a lawsuit against you in the:

| Court | Case No. |
|---|---|
| Address | |

☐ I have filed an arbitration proceeding against you with the:

| Agency | Case No. |
|---|---|
| Address | |

☒ No lawsuit or arbitration proceeding has yet been filed but may be filed if we do not resolve this claim.

You have the right under Sections 6200-6206 of the California Business and Professions Code to request arbitration of  these fees or costs by an independent, impartial arbitrator or panel of arbitrators through a bar association program created solely to resolve fee disputes between lawyers and clients.

You will LOSE YOUR RIGHT TO ARBITRATION UNDER THIS PROGRAM if:

1.   YOU DO NOT FILE A WRITTEN APPLICATION FOR ARBITRATION WITH THE BAR ASSOCIATION WITHIN 30 DAYS FROM RECEIPT OF THIS NOTICE USING A FORM PROVIDED BY THE LOCAL BAR ASSOCIATION OR STATE BAR OF CALIFORNIA FEE ARBITRATION PROGRAM; OR

2.   YOU RECEIVE THIS NOTICE AND THEN EITHER (1) ANSWER A COMPLAINT I HAVE FILED IN COURT; OR (2) FILE A RESPONSE TO ANY ARBITRATION PROCEEDING THAT I HAVE INITIATED FOR COLLECTION OF FEES, AND/OR COSTS, WITHOUT FIRST HAVING SERVED AND FILED A REQUEST FOR ARBITRATION UNDER THIS PROGRAM; OR

3.   YOU FILE AN ACTION OR PLEADING IN ANY LAWSUIT WHICH SEEKS A COURT DECISION ON THIS DISPUTE OR WHICH SEEKS DAMAGES FOR ANY ALLEGED MALPRACTICE OR PROFESSIONAL MISCONDUCT.

I have the right to file a lawsuit against you if you give up your right to mandatory fee arbitration. If I have already filed a lawsuit or arbitration, you may have the lawsuit or arbitration postponed after you have filed an application for arbitration under this program.

I have determined that:

☐ There is a local program which may have jurisdiction to hear this matter. The address of the arbitration program you should

contact is:

Mandatory Fee Arbitration Program - Beverly Hills Bar Association
Name of Program
9420 Wilshire Blvd., Second Floor
Address
Beverly Hills, CA 90212-3169
City                                              State        Zip Code
310-601-2442  www.bhba.org/index.php/mandatory-fee-arbitration
Telephone No

☐ There is no approved local program which has jurisdiction to hear this matter.

The State Bar of California will conduct fee arbitration (1) where there is no approved local program, (2) where there is a local program but it declines for any reason to hear your case, (3) where there is a local program and you wish non-binding arbitration of this dispute and the local program refuses to allow non-binding arbitration of your dispute, or (4) if you believe you cannot receive a fair hearing before the local bar named above. If you need assistance, please contact Mandatory Fee Arbitration, State Bar of California, 180 Howard Street, San Francisco, CA 94105-1639, (415) 538-2020.

March 19, 2014
Date

Attorney

(State Bar Approved Form Rev. April 1, 2007)

1

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

2

3    I, Elin Guthrie, declare as follows:

4    I am a resident of the State of California, over the age of eighteen years, and not a party
to the within action. My business address is 1875 Century Park East, Suite 1000, Los Angeles,

5    California 90067. On March 19, 2014, I served the within document(s):

6    **NOTICE OF CLIENT'S RIGHT TO ARBITRATE**

7

☑    **BY U.S. MAIL [Code Civ. Proc. §1013(a)]** by placing the document(s) listed above in

8    a sealed envelope with postage thereon fully prepaid, in the United States mail at
Los Angeles, California addressed as set forth below. I am readily familiar with the

9    firm's practice of collection and processing correspondence for mailing. Under that
practice it would be deposited with the U.S. Postal Service on the same day with postage

10    thereon fully prepaid in the ordinary course of business. I am aware that on motion of
the party served, service is presumed invalid if postal cancellation date or postage meter

11    date is more than one day after date of deposit for mailing an affidavit.

12

13    Simon Barlava
2209 So. Santa Fe Ave.
Los Angeles, CA  90058

14

15

☑    *(State)* I declare under penalty of perjury under the laws of the State of California that

16    the above is true and correct.

17    Executed on March 19, 2014, at Los Angeles, California.

18

19

20    Elin Guthrie, Declarant

21

22

23

24

25

26

27

28

# Notice of Client's Right To Arbitration

Aaron Yashouafar
Client's Name
910 Rexford Drive
Client's Address
Beverly Hills, CA  90210

Robert M. Heller
Attorney's Name
1875 Century Park East, Ste. 1000
Attorney's Address
Los Angeles, CA   90067

You have an outstanding balance for fees and/or costs for professional services in the amount of  $ 63,508.77

charged to you in the matter of 1) M. Aaron Yashouafar et al. adv. Bank of America, N.A. & 2) Milbank Holding Corp. adv. Bank of
America, N.A

☐ I have filed a lawsuit against you in the:

| Court | | Case No. |
|---|---|---|
| Address | | |

☐ I have filed an arbitration proceeding against you with the:

| Agency | | Case No. |
|---|---|---|
| Address | | |

☒ No lawsuit or arbitration proceeding has yet been filed but may be filed if we do not resolve this claim.

You have the right under Sections 6200-6206 of the California Business and Professions Code to request arbitration of  these fees or
costs by an independent, impartial arbitrator or panel of arbitrators through a bar association program created solely to resolve fee
disputes between lawyers and clients.

You will LOSE YOUR RIGHT TO ARBITRATION UNDER THIS PROGRAM if:

1.   YOU DO NOT FILE A WRITTEN APPLICATION FOR ARBITRATION WITH THE BAR ASSOCIATION WITHIN 30 DAYS FROM
     RECEIPT OF THIS NOTICE USING A FORM PROVIDED BY THE LOCAL BAR ASSOCIATION OR STATE BAR OF CALIFORNIA
     FEE ARBITRATION PROGRAM; OR

2.   YOU RECEIVE THIS NOTICE AND THEN EITHER (1) ANSWER A COMPLAINT I HAVE FILED IN COURT; OR (2) FILE A
     RESPONSE TO ANY ARBITRATION PROCEEDING THAT I HAVE INITIATED FOR COLLECTION OF FEES, AND/OR COSTS,
     WITHOUT FIRST HAVING SERVED AND FILED A REQUEST FOR ARBITRATION UNDER THIS PROGRAM; OR

3.   YOU FILE AN ACTION OR PLEADING IN ANY LAWSUIT WHICH SEEKS A COURT DECISION ON THIS DISPUTE OR WHICH
     SEEKS DAMAGES FOR ANY ALLEGED MALPRACTICE OR PROFESSIONAL MISCONDUCT.

I have the right to file a lawsuit against you if you give up your right to mandatory fee arbitration. If I have already filed a lawsuit or
arbitration, you may have the lawsuit or arbitration postponed after you have filed an application for arbitration under this program.

I have determined that:

☐ There is a local program which may have jurisdiction to hear this matter. The address of the arbitration program you should

contact is:      Mandatory Fee Arbitration Program - Beverly Hills Bar Association
                 Name of Program
                 9420 Wilshire Blvd., Second Floor
                 Address
                 Beverly Hills, CA 90212-3169
                 City                                          State      Zip Code
                 310-601-2442  www.bhba.org/index.php/mandatory-fee-arbitration
                 Telephone No

☐ There is no approved local program which has jurisdiction to hear this matter.

The State Bar of California will conduct fee arbitration (1) where there is no approved local program, (2) where there is a local program but it declines for
any reason to hear your case, (3) where there is a local program and you wish non-binding arbitration of this dispute and the local program refuses to
allow non-binding arbitration of your dispute, or (4) if you believe you cannot receive a fair hearing before the local bar named above. If you need
assistance, please contact Mandatory Fee Arbitration, State Bar of California, 180 Howard Street, San Francisco, CA 94105-1639, (415) 538-2020.

March 19, 2014
Date                          Attorney

(State Bar Approved Form Rev. April 1, 2007)

1

2

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3     I, Elin Guthrie, declare as follows:

4     I am a resident of the State of California, over the age of eighteen years, and not a party
to the within action.  My business address is 1875 Century Park East, Suite 1000, Los Angeles,

5     California 90067.  On March 19, 2014, I served the within document(s):

6                    **NOTICE OF CLIENT'S RIGHT TO ARBITRATE**

7

☑          **BY U.S. MAIL [Code Civ. Proc. §1013(a)]** by placing the document(s) listed above in

8          a sealed envelope with postage thereon fully prepaid, in the United States mail at
           Los Angeles, California addressed as set forth below.  I am readily familiar with the

9          firm's practice of collection and processing correspondence for mailing.  Under that
           practice it would be deposited with the U.S. Postal Service on the same day with postage

10         thereon fully prepaid in the ordinary course of business.  I am aware that on motion of
           the party served, service is presumed invalid if postal cancellation date or postage meter

11         date is more than one day after date of deposit for mailing an affidavit.

12

13                    M. Aaron Yashouafar
                       910 Rexford Drive
14                    Beverly Hills, CA  90210

15

☑          *(State)* I declare under penalty of perjury under the laws of the State of California that

16         the above is true and correct.

17

Executed on March 19, 2014, at Los Angeles, California.

18

19                                    *Eli* ⎯⎯⎯⎯⎯

20                    Elin Guthrie, Declarant

21

22

23

24

25

26

27

28

PROOF OF SERVICE

Exhibit "A"

# Notice of Client's Right To Arbitration

Solyman Yashouafar
Client's Name
580 Chalette Dr.
Client's Address
Beverly Hills, CA 90210

Robert M. Heller
Attorney's Name
1875 Century Park East, Ste. 1000
Attorney's Address
Los Angeles, CA 90067

You have an outstanding balance for fees and/or costs for professional services in the amount of $ 63,508.77

charged to you in the matter of 1) M. Aaron Yashouafar et al. adv. Bank of America, N.A. & 2) Milbank Holding Corp. adv. Bank of
America, N.A

☐ I have filed a lawsuit against you in the:

| Court | | Case No. |
|---|---|---|
| Address | | |

☐ I have filed an arbitration proceeding against you with the:

| Agency | | Case No. |
|---|---|---|
| Address | | |

☒ No lawsuit or arbitration proceeding has yet been filed but may be filed if we do not resolve this claim.

You have the right under Sections 6200-6206 of the California Business and Professions Code to request arbitration of these fees or costs by an independent, impartial arbitrator or panel of arbitrators through a bar association program created solely to resolve fee disputes between lawyers and clients.

You will LOSE YOUR RIGHT TO ARBITRATION UNDER THIS PROGRAM if:

1. YOU DO NOT FILE A WRITTEN APPLICATION FOR ARBITRATION WITH THE BAR ASSOCIATION WITHIN 30 DAYS FROM RECEIPT OF THIS NOTICE USING A FORM PROVIDED BY THE LOCAL BAR ASSOCIATION OR STATE BAR OF CALIFORNIA FEE ARBITRATION PROGRAM; OR

2. YOU RECEIVE THIS NOTICE AND THEN EITHER (1) ANSWER A COMPLAINT I HAVE FILED IN COURT; OR (2) FILE A RESPONSE TO ANY ARBITRATION PROCEEDING THAT I HAVE INITIATED FOR COLLECTION OF FEES, AND/OR COSTS, WITHOUT FIRST HAVING SERVED AND FILED A REQUEST FOR ARBITRATION UNDER THIS PROGRAM; OR

3. YOU FILE AN ACTION OR PLEADING IN ANY LAWSUIT WHICH SEEKS A COURT DECISION ON THIS DISPUTE OR WHICH SEEKS DAMAGES FOR ANY ALLEGED MALPRACTICE OR PROFESSIONAL MISCONDUCT.

I have the right to file a lawsuit against you if you give up your right to mandatory fee arbitration. If I have already filed a lawsuit or arbitration, you may have the lawsuit or arbitration postponed after you have filed an application for arbitration under this program.

I have determined that:

☐ There is a local program which may have jurisdiction to hear this matter. The address of the arbitration program you should

contact is:

Mandatory Fee Arbitration Program - Beverly Hills Bar Association
Name of Program
9420 Wilshire Blvd., Second Floor
Address
Beverly Hills, CA 90212-3169
City                                          State          Zip Code
310-601-2442   www.bhba.org/index.php/mandatory-fee-arbitration
Telephone No

☐ There is no approved local program which has jurisdiction to hear this matter.

The State Bar of California will conduct fee arbitration (1) where there is no approved local program, (2) where there is a local program but it declines for any reason to hear your case, (3) where there is a local program and you wish non-binding arbitration of this dispute and the local program refuses to allow non-binding arbitration of your dispute, or (4) if you believe you cannot receive a fair hearing before the local bar named above. If you need assistance, please contact Mandatory Fee Arbitration, State Bar of California, 180 Howard Street, San Francisco, CA 94105-1639, (415) 538-2020.

March 19, 2014
Date

Attorney

(State Bar Approved Form Rev. April 1, 2007)

1

### PROOF OF SERVICE
### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

2

3        I, Elin Guthrie, declare as follows:

4        I am a resident of the State of California, over the age of eighteen years, and not a party
to the within action.  My business address is 1875 Century Park East, Suite 1000, Los Angeles,
5   California 90067.  On March 19, 2014, I served the within document(s):

6                    **NOTICE OF CLIENT'S RIGHT TO ARBITRATE**

7
    ☑    **BY U.S. MAIL [Code Civ. Proc. §1013(a)]** by placing the document(s) listed above in
8        a sealed envelope with postage thereon fully prepaid, in the United States mail at
        Los Angeles, California addressed as set forth below.  I am readily familiar with the
9        firm's practice of collection and processing correspondence for mailing.  Under that
        practice it would be deposited with the U.S. Postal Service on the same day with postage
10       thereon fully prepaid in the ordinary course of business.  I am aware that on motion of
        the party served, service is presumed invalid if postal cancellation date or postage meter
11       date is more than one day after date of deposit for mailing an affidavit.

12
                        Solyman Yashouafar
13                      580 Chalette Dr.
                        Beverly Hills, CA  90210
14

15  ☑    *(State)* I declare under penalty of perjury under the laws of the State of California that
        the above is true and correct.
16

17  Executed on March 19, 2014, at Los Angeles, California.

18

19

20                              _____
                                Elin Guthrie, Declarant
21

22

23

24

25

26

27

28

Exhibit "A"

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Freeman Freeman & Smiley, 1888 Century Park East, Suite 1900, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* August 17, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Larry G Ball    lball@hallestill.com, gjohnson@hallestill.com
- Henry S David    hdavid@davidfirm.com, hdavid@davidfirm.com
- Fahim Farivar    ffarivar@bakerlaw.com,
  amcdow@bakerlaw.com,mdelaney@bakerlaw.com,sgaeta@bakerlaw.com
- Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- Robert B Kaplan    rbk@jmbm.com
- Matthew Kramer    mkramer@wwhgd.com, krodriguez@wwhgd.com
- Ashley M McDow    amcdow@bakerlaw.com, mdelaney@bakerlaw.com;
  sgaeta@bakerlaw.com;rojeda@bakerlaw.com;ffarivar@bakerlaw.com
- Melanie Scott    melanie.scott@usdoj.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On *(date)* August 17, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST**

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| August 17, 2016 | Denice Sanchez | /s/ Denice Sanchez |
| *Date* | *Printed Name* | *Signature* |

SERVICE LIST

| | | |
|---|---|---|
| *In re Massoud Aron Yashouafar*<br>Bankr. Case No. 2:16-bk-20343-WB<br>Service List | Hon. Julia W. Brand<br>U.S. Bankruptcy Court<br>Edward R. Roybal Fed. Bldg.<br>255 E. Temple Street<br>Suite 1382 / Ctrm. 1375<br>Los Angeles, CA 90012 | Melanie Scott<br>Office of the U.S. Trustee<br>915 Wilshire Blvd., Suite 1850<br>Los Angeles, CA 90017 |
| Debtor/Pro Se<br>Massoud Aron Yashouafar<br>16661 Ventura Blvd Suite 600<br>Encino, CA 91436 | Petitioning Creditor<br>Fereydoun Dayani<br>18345 Ventura Blvd., Suite 500<br>Tarzana, CA 91356 | Petitioning Creditor<br>Yona Samih<br>11766 Wilshire Blvd., Suite 260<br>Los Angeles, CA 90025 |
| Petitioning Creditor<br>N&S Investment LLC<br>18345 Ventura Blvd., Suite 500<br>Tarzana, CA 91356 | Counsel for Petitioning Creditors<br>Fereydoun Dayani; Yona Samih; and<br>N&S Investment LLC<br>c/o Fahim Farivar, Esq.<br>Baker & Hostetler LLP<br>11601 Wilshire Blvd., Suite 1400<br>Los Angeles, CA 90025-0509 | Howard L. Abselet<br>c/o Henry S. David<br>617 W. 7th St., Suite 702<br>Los Angeles, CA 90017-3853 |
| Counsel for Simon Barlava<br>Nico N. Tabibi, Esq.<br>Law Offices of Nico N. Tabibi, APC<br>9454 Wilshire Blvd., Penthouse<br>Beverly Hills, CA 90212 | Kevin M. Davis, Esq.<br>Law Offices of Kevin M. Davis<br>16661 Ventura Blvd., Ste. 600-C<br>Encino, CA 91436 | |