1  HOWARD J. WEG (State Bar No. 91057)
   *hweg@robinskaplan.com*
2  KEVIN D. MEEK (State Bar No. 280562)
   *kmeek@robinskaplan.com*
3  ROBINS KAPLAN LLP
   2049 Century Park East, Suite 3400
4  Los Angeles, California 90067-3208
   Telephone: (310) 552-0130
5  Facsimile:  (310) 229-5800

6  Attorneys for Creditors, Van Nuys Plywood, LLC,
   PY Note Investors, LLC and Danny Pakravan
7

8              **UNITED STATES BANKRUPTCY COURT**
9
               **CENTRAL DISTRICT OF CALIFORNIA**
10
               **SAN FERNANDO VALLEY DIVISION**
11

| In re | Case No. 1:16-bk-12408-MT |
|---|---|
| MASSOUD ARON YASHOUAFAR, | Chapter 11 |
| Debtor. | **NOTICE OF MOTION AND MOTION OF CREDITORS VAN NUYS PLYWOOD, LLC, PY NOTE INVESTORS, LLC, AND DANNY PAKRAVAN FOR AN ORDER ORDERING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF WESLEY W. LEW IN SUPPORT THEREOF** |
|  | **Hearing** Date:    September 15, 2016 Time:   9:30 a.m. Ctrm.:  302         21041 Burbank Blvd.         Woodland Hills. CA 91367 |

61232673.3

1   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2       **NOTICE IS HEREBY GIVEN** that on September 15, 2016, at 9:30 a.m., in

3   the above-entitled Court, located at 21041 Burbank Blvd., Woodland Hills,

4   California, creditors Van Nuys Plywood, LLC, PY Note Investors, LLC and Danny

5   Pakravan (collectively, the "Creditors"), shall and hereby move the Court for an

6   order for the appointment of a chapter 11 trustee pursuant to 11 U.S.C. § 1104(a)

7   (the "Motion").  The hearing on this Motion is set on the same date and time as the

8   *Motion by Creditor Howard L. Abselet to Appoint Trustee* (the "Abselet Motion")

9   [Docket No. 29], which seeks the same relief as the instant Motion.  Concurrently

10  with the filing of this Motion, Creditors have filed a joinder in support of the

11  Abselet Motion.

12      The Motion is made on the following grounds: The Debtor's history of

13  unscrupulous, fraudulent, deceitful and bad faith conduct are sufficient cause to

14  appoint a trustee pursuant to 11 U.S.C. § 1104(a) and applicable case law.  The

15  Debtor is a convicted felon for crimes of embezzlement.  In addition, at least two

16  other Courts have determined that the Debtor and his brother Solymon

17  Yashouafar ("Solymon"), the debtor in related involuntary chapter 11 case no.

18  1:16-bk-12255-MT, are dishonest and untrustworthy.  The United States District

19  Court, Judge John Walter presiding, stated that the Debtor and Solymon are

20  "crooks," and held that both engaged in multiple fraudulent conduct.  The Los

21  Angeles Superior Court, Judge Richard Stone presiding, found that Solymon is

22  untrustworthy, and held that the Debtor was responsible for deceitfully causing

23  the delay of Creditors' foreclosure sale of real property previously owned by the

24  Debtor's mother.  See 11 U.S.C. § 1104(a)(1) ("cause" includes fraud,

25  dishonesty, or incompetence); In re Bibo, Inc., 76 F.3d 256, 258 (9th Cir. 1996)

26  (same).

27      In addition, given the Debtor's past financial performance, including

28

1  numerous defaults of millions of dollars of obligations and gross mismanagement

2  of assets, appointment of a chapter 11 trustee is in the best interests of creditors,

3  pursuant to 11 U.S.C. § 1104(a)(2).

4    **PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this

5  Notice of Motion and Motion, the attached Memorandum of Points and

6  Authorities, the Declaration of Wesley W. Lew, the records and files in this

7  Chapter 11 case, and such other evidence as may be presented at or before the

8  hearing on this Motion.

9    **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy

10  Rule 9013-1(f), any party seeking to object to the relief sought must, not later than

11  14 days before the hearing date, file a written opposition with the Clerk of the Court

12  and serve copies of the opposition upon the Creditors' counsel and upon the Office

13  of the United States Trustee, 915 Wilshire Boulevard, Suite 1850, Los Angeles,

14  California 90017.  Failure to file and serve oppositions as set forth above may be

15  deemed consent to the relief sought in the motion.  If you do not have any objection

16  to the motion, you need not take any further action.

17

18

19  DATED:  August 25, 2016          ROBINS KAPLAN LLP

20

21

22          By:  ___/s/ Kevin D. Meek_____

23               KEVIN D. MEEK
                 Attorneys for Movants, Van Nuys Plywood,
24               LLC, PY Note Investors, LLC and Danny
                 Pakravan
25

26

27

28
61232673.3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .................................................................................1

II.  STATEMENT OF FACTS .....................................................................2

     A.   Debtor Background: ....................................................................2

     B.   Creditors' Judgment Against Debtor: ..........................................2

III. LEGAL ARGUMENT ...........................................................................5

     A.   Cause Exists to Appoint a Trustee Pursuant to 11 U.S.C. § 1104(a)(1)............5

     B.   Appointment of a Trustee is in the Best Interests of the Estate ...................6

IV.  CONCLUSION.....................................................................................8

# TABLE OF AUTHORITIES

<u>**Page**</u>

**Cases**

<u>Davis v. Yageo Corp.</u>,
    481 F.3d 661 (9th Cir. 2007) .................................................................................. 5

<u>In re Bibo, Inc.</u>,
    76 F.3d 256 (9th Cir. 1996) ............................................................................. 1, 5

<u>In re Ionosphere Clubs, Inc.</u>,
    113 B.R. 164 (Bankr. S.D.N.Y. 1990) ............................................................. 5, 6

<u>In re Sharon Steel Corp.</u>,
    871 F.2d 1217 (3d Cir. 1989) ................................................................................ 6

**Statutes**

11 U.S.C. § 1104(a)(1)........................................................................................... 1, 5, 6

11 U.S.C. § 1104(a)(2)............................................................................................... 1, 6

11 U.S.C. § 1104(e) ...................................................................................................... 5

61232673.3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The chapter 11 involuntary debtor herein, Massoud Yashouafar (the "Debtor"), has exhibited a pattern of serious dishonest and unscrupulous behavior necessitating the appointment of a chapter 11 trustee in the above-captioned Bankruptcy Case.  Examples of the Debtor's serious dishonest and unscrupulous conduct include, but are not limited to, the following:

- The Debtor is a convicted felon who served a prison sentence for crimes of embezzlement.  Exhibits "1," "2," and "3" to the Declaration of Wesley Lew (the "Lew Declaration").

- The Debtor and his brother, Solymon Yashouafar ("Solymon"), were deemed "crooks" by United States District Court Judge John Walter, and "untrustworthy" by Los Angeles Superior Court Judge Richard Stone.  See Exhibit "5" to the *Motion by Creditor Howard L. Abselet for Trustee* filed by Howard L. Abselet [Docket No. 29], page 156, line 9; Exhibit "4" to the Lew Declaration, at page 2, section 5(a).

- The Debtor was determined by Judge Stone to have orchestrated or assisted in the fraudulent delay of a foreclosure sale of real property previously owned by the Debtor.  See Exhibit "4" to the Lew Declaration, at page 3, section 5(c).

As a result of these prior judicial determinations alone, sufficient cause exists for the appointment of a chapter 11 trustee pursuant to 11 U.S.C. § 1104(a)(1).  See 11 U.S.C. § 1104(a)(1) ("cause" includes fraud, dishonesty, or incompetence); In re Bibo, Inc., 76 F.3d 256, 258 (9th Cir. 1996) (same).  In addition, given the Debtor's past financial performance, which include numerous defaults of millions

1  of dollars of obligations and gross mismanagement of assets, appointment of a

2  chapter 11 trustee is in the best interests of creditors pursuant to 11 U.S.C. §

3  1104(a)(2).

4  ## II.

5  ## STATEMENT OF FACTS

6  **A.    Debtor Background:**

7      1.    Debtor is a convicted felon.  On or about July 2, 2013, Debtor was

8  convicted in the State of Nevada for embezzlement, a Class B Felony under Nevada

9  Law.  Attached as Exhibits "1" and "2" to the Lew Declaration are copies of the

10  Judgment of Conviction and Plea Deal, signed by the Debtor and admitting the

11  Debtor's guilt.

12      2.    As a result of the Debtor's felony conviction, the Debtor received a

13  prison sentence of one to five years.  Debtor served approximately four months of his

14  sentence and is currently on probation.  See Exhibit "3" to the Lew Declaration.

15

16  **B.    Creditors' Judgment Against Debtor:**

17      3.    The Debtor's mother owned real property commonly known as 3439

18  Sunset Blvd., Beverly Hills, California (the "Sunset Property").  The Sunset Property

19  was subject to a promissory note and deed of trust in favor of creditor PY Note

20  Investors ("PY").

21      4.    After the Debtor defaulted on his obligations under PY's promissory

22  note and deed of trust, PY exercised its right to foreclose, and sold the Sunset

23  Property at a foreclosure sale on or about January 13, 2013 (the "Foreclosure Sale").

24      5.    Prior to the Foreclosure Sale, the Debtor and Solymon attempted several

25  times to delay the Foreclosure Sale, including sending faxes to the trustee of the

26  Foreclosure Sale that falsely represented that the Sunset Property had been

27  transferred to third parties that had filed for bankruptcy protection, thereby

28

- 2 -

1  deceitfully and fraudulently representing that the Foreclosure Sale was stayed by a

2  bankruptcy filing.

3      6.      On or about January 25, 2011, the Debtor and his company, Milbank

4  Holding Corp. ("Milbank"), filed a lawsuit against Creditors in Los Angeles Superior

5  Court, commencing the action entitled <u>Yashoufar, et al. v. Van Nuys Plywood, LLC</u>,

6  et al., LASC No. SC111198 (the "Van Nuys Action"). The Van Nuys Action was

7  based on the Debtor's unsubstantiated contention that creditor Danny Pakravan made

8  an oral promise not to foreclose on the Sunset Property. See Lew Declaration, at ¶ 3.

9      7.      On May 7, 2015, the Court entered judgment in favor of Creditors and

10 against the Debtor and Milbank on all causes of action (the "Original Judgment").

11 See Exhibit "5" to the Lew Declaration.

12     8.      On August 4, 2015, the Court entered an amended judgment in favor of

13 Creditors and against the Debtor and Milbank, awarding Creditors the total amount

14 of $715,278.49, plus interest at the legal rate of 10% from the date of entry of the

15 original judgment, until paid (the "Amended Judgment"). See Exhibit "6" to the

16 Lew Declaration. As of August 25, 2016, the Creditors are owed approximately

17 $808,496.47.

18     9.      In its tentative Statement of Decision, the Court made the following

19 findings in support of the Judgment and Amended Judgment, in respect of the Debtor

20 and Solymon:

21          (a)     The Court "did not believe or trust" the testimony of Solymon.

22          (b)     The Debtor, or someone at his direction, was responsible for the

23 faxes that falsely represented the transfer of the Sunset Property to delay the

24 Foreclosure Sale.

25          (c)     The Debtor's contentions were "deeply troubling."

26 See Exhibit "4" to the Lew Declaration, at page 2, section 5(A); page 3, sections

27 5(B) and 5(C).

28

61232673.3

1

2          **The Abselet Judgment Against Debtor:**

3          10.     As set forth in the *Motion to Appoint Trustee* (the "Abselet Motion")

4    filed by Howard L. Abselet ("Abselet") [Docket No. 29], Abselet obtained a

5    judgment against Massoud and Solymon Yashouafar exceeding $10 million (the

6    "Abselet Judgment").  Abselet Motion, at page 16, paragraph 2.

7          11.     In connection with Abselet's attempts to collect on the Abselet

8    Judgment, the United States District Court, Judge John Walter presiding, made

9    various findings, including:

10          (a)     The Debtor and Solymon are "crooks," and the Court would

11    request the United States Attorney observe future proceedings.  Exhibit "5" to

12    Abselet Motion, page 156, line 9.

13          (b)     The Debtor and Solymon engaged in sham and fraudulent

14    transfers.  Exhibit "4" to Abselet Motion, page 120, line 16.

15          (c)     The Debtor and Solymon repeatedly divested assets from one

16    company to another.  Exhibit "8" to Abselet Motion, page 302, lines 24-25; page

17    303, 1-4.

18          (d)     The Debtor and Solymon testified falsely under oath.  Exhibit "8"

19    to Abselet Motion, page 309, lines 11-14.

20          (e)     The Debtor and Solymon fabricated documentary evidence.

21    Exhibit "8" to Abselet Motion, page 306, lines 1-16.[1]

22          **The Involuntary Bankruptcy:**

23          12.     On August 3, 2016, the above-captioned bankruptcy case was

24    commenced when purported creditors Fereydoun Dayani, Yona Smith, and N&S

25    _____

26    [1] For the Court's convenience, copies of the pages cited from the Abselet Motion are attached as Exhibit "A" to this
Motion.

27

28                                              - 4 -

Investment, Inc. (the "Petitioning Creditors") filed an involuntary petition for relief against the Debtor under chapter 11 of title 11 of the United States Code (the "Code").

13.    An involuntary petition for relief was also filed against Solymon by Petitioning Creditors on August 3, 2016, commencing Bankruptcy Case No. 1:16-bk-12255-MT (collectively, the "Involuntary Petitions").

14.    In each Involuntary Petition, Petitioning Creditors list claims in the aggregate amount of $5,889,732.22.  Petitioning Creditors describe their claim as "unsecured business debt."

15.    Neither the Debtor nor Solymon have filed a response to the Involuntary Petitions.

16.    Creditors are concerned that the Involuntary Petitions give the Debtor and his brother, Solymon, the benefit of the automatic stay without the burdens imposed on a debtor following entry of an order for relief.  For all Creditors know, the Involuntary Petition may have been filed at the urging of the Debtor and his brother to give them a protected corridor for their continued fraudulent conduct.

## III.

## LEGAL ARGUMENT

### A.    Cause Exists to Appoint a Trustee Pursuant to 11 U.S.C. § 1104(a)(1)

When "cause" exists, a chapter 11 trustee must be appointed.  Under 11 U.S.C. § 1104(a)(1), "cause" to appoint a trustee is a factual determination, which includes, but is not limited to, the debtor-in-possession's "fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor." 11 U.S.C. § 1104(a)(1); Davis v. Yageo Corp., 481 F.3d 661, 668 (9th Cir. 2007); In re Bibo, Inc., 76 F.3d 256, 258 (9th Cir. 1996).  Indeed, where, as

1  here, there are reasonable grounds to suspect that the debtor participated in

2  actual fraud, dishonesty, or criminal conduct, the United States Trustee **must**

3  seek the appointment of a trustee.  11 U.S.C. § 1104(e); <u>In re Ionosphere Clubs,</u>

4  <u>Inc.</u>, 113 B.R. 164 (Bankr. S.D.N.Y. 1990).

5        Here, the appointment of a trustee is mandated because "cause" exists within

6  the meaning of 11 U.S.C. § 1104(a)(1).  The Debtor and Solymon have a

7  consistent record of dishonesty and fraud.  In addition to the Debtor's felony

8  conviction for embezzlement, the Debtor's unscrupulous conduct is

9  demonstrated by the findings of two other Courts.  In the Abselet Action, the

10  District Court described the Debtor and Solymon as "crooks," and found that the

11  Debtor: (i) fabricated documentary evidence; (ii) engaged in fraudulent transfers;

12  and (iii) incurred their debt to Abselet through fraud.  In the Van Nuys Action, the

13  Superior Court: (i) stated that it "did not believe or trust" Solymon's testimony; (ii)

14  found the Debtor's contentions "deeply troubling;" and (iii) found that the Debtor,

15  or someone at his direction, was responsible for the faxes that falsely represented

16  the transfer of the Sunset Property to delay the Foreclosure Sale.  These numerous

17  instances of dishonesty and fraud mandate the appointment of a chapter 11 trustee

18  under the standards set forth in 11 U.S.C. § 1104(a)(1).

19

20  **B.**    <u>**Appointment of a Trustee is in the Best Interests of the Estate**</u>

21        Even without regard to a Court's assessment of "cause" under 11 U.S.C. §

22  1104(a)(1), a chapter 11 trustee must be appointed under 11 U.S.C. § 1104(a)(2)

23  when it is in the best interest of creditors and the estate.  <u>See e.g.</u>, <u>Ionosphere</u>,

24  113 B.R. at 168; <u>In re Sharon Steel Corp.</u>, 871 F.2d 1217, 1226 (3d Cir. 1989).

25  When considering whether appointment of a chapter 11 trustee is in the best

26  interests of creditors and the estate, courts look to the practical realities of the

27  case and typically consider numerous factors, including the following:

28

61232673.3

1    -    The trustworthiness of the debtor;

2    -    The debtor in possession's past and present performance and prospects for

3          the debtor's rehabilitation;

4    -    The confidence, or lack thereof, of the business community and of

5          creditors in present management; and

6    -    The benefits derived by the appointment of a trustee, balanced against the

7          cost of appointment.

8    <u>Ionosphere</u>, 113 B.R. at 168.

9          Here, all four factors weigh heavily in favor of appointing a chapter 11

10   trustee.  As noted above, the Debtor has repeatedly demonstrated that he is

11   untrustworthy, and at least two separate courts have held that both the Debtor and

12   Solymon are dishonest.  In addition to his untrustworthiness, the Debtor's past

13   performance indicates that he is financially unreliable, as the Debtor defaulted on his

14   debt obligations to Creditors, Abselet, and (possibly) Petitioning Creditors.  Finally,

15   the benefits derived from the appointment of a trustee far outweigh any additional

16   costs.  As evidenced by the many findings of fraud and dishonesty by the Debtor,

17   not to mention the numerous defaults and the lawsuits against him, the Debtor

18   cannot be trusted to be an honest debtor entitled to the benefits of chapter 11.

19   Appointment of a chapter 11 trustee is needed to protect the assets of the estate, the

20   public's confidence in and perception of the Court, its integrity, the bankruptcy

21   process, and creditors.

22         Creditors join Abselet's concern that this is a collusive bankruptcy

23   designed to provide Debtor with the benefit of the automatic stay without the

24   burdens imposed on a chapter 11 debtor.  Abselet Motion, page 16, at paragraph

25   1.  This concern further demonstrates the lack of trust in the Debtor's management,

26   which will likely result in greater litigation costs.  Appointment of a trustee not

27   only will mitigate such costs, but will serve to protect the integrity of the

28

- 7 -

1  bankruptcy system.

2

3                                    **IV.**

4                              <u>**CONCLUSION**</u>

5          For the foregoing reasons, Creditors respectfully request that the Court

6  enter an Order granting the Motion and ordering the appointment of a chapter 11

7  trustee.

8

9  DATED:  August 25, 2016          ROBINS KAPLAN LLP

10                                   By:  <u>/s/ Kevin D. Meek</u>

11                                        KEVIN D. MEEK
                                          Attorneys for Creditors, Van Nuys
12                                        Plywood, LLC, PY Note Investors, LLC
                                          and Danny Pakravan
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        - 8 -

# DECLARATION OF WESLEY W. LEW

I, Wesley W. Lew, declare and state as follows:

I am an attorney, licensed and entitled to practice law before this Court. I am an attorney with the law firm of Robins Kaplan LLP, counsel of record to creditors Van Nuys Plywood, LLC, PY Note Investors, LLC, and Danny Pakravan (collectively, the "Creditors"). I make this declaration in support of Creditors' *Motion For An Order For The Appointment Of A Chapter 11 Trustee*. Except as otherwise stated herein, I have obtained first hand personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently to the following.

1.  On or about July 24, 2013, the Clark County District Court for the State of Nevada entered a Judgment Conviction against the debtor herein, Massoud Yashouafar (the "Debtor"), finding Debtor guilty for crimes of embezzlement, a Class B Felony under Nevada Law. Attached hereto as Exhibits "1" and "2" are true and correct copies of the Judgment of Conviction and the Debtor's Plea Deal, signed by the Debtor and admitting the Debtor's guilt.

2.  According to the Clark County of Nevada Register of Actions, the Debtor served his sentence from August 14, 2013 until December 26, 2013. Attached hereto as Exhibit "3" is a true and correct copy of the Clark County Register of Actions for the Debtor's embezzlement case, which was accessed from the Clark County website.

3.  On or about January 25, 2011, the Debtor and his company, Milbank Holding Corp. ("Milbank"), filed a lawsuit against Creditors in Los Angeles Superior Court, commencing the action entitled <u>Yashoufar, et al. v. Van Nuys Plywood, LLC</u>, et al., LASC No. SC111198 (the "Van Nuys Action").

4.  On March 26, 2015, the Court entered its tentative Statement of Decision in the Van Nuys Action (the "Statement of Decision"). Attached as Exhibit

- 9 -

1    "4" is a true and correct copy of the Statement of Decision.  The Statement of

2    Decision sets forth the following facts.

3              a.  The Debtor's mother owned real property commonly known as 3439

4                  Sunset Blvd., Beverly Hills, California (the "Sunset Property").  The

5                  Sunset Property was subject to a promissory note and deed of trust in

6                  favor of creditor PY Note Investors ("PY").  Exhibit "4," page 1,

7                  paragraph 3.

8              b.  After the Debtor defaulted on his obligations under PY's promissory

9                  note and deed of trust, Creditors exercised their right to foreclose,

10                 and sold the Sunset Property at a foreclosure sale on or about

11                 January 13, 2013 (the "Foreclosure Sale").  Exhibit "4," page 1,

12                 paragraph 1.

13   5.      In the Statement of Decision, the Court made the following findings in

14   respect of the Debtor and his brother, Solymon Yashouafar ("Solymon"):

15             a.  The Court "did not believe or trust" the testimony of Solymon.

16                 Exhibit "4," page 2, section 5(A).

17             b.  Prior to the Foreclosure Sale, the Debtor and Solymon were involved

18                 in attempts to delay the Foreclosure Sale, including sending faxes to

19                 the trustee of the Foreclosure Sale that falsely represented that the

20                 Sunset Property had been transferred to third parties who had filed

21                 for bankruptcy protection.  Exhibit "4," page 3, section 5(C).

22             c.  The Debtor's contentions were "deeply troubling."  Exhibit "4," page

23                 2, section 5(A).

24   6.      On May 7, 2015, the Court entered judgment in favor of Creditors and

25   against the Debtor and Milbank on all causes of action (the "Original Judgment").

26   Attached hereto as Exhibit "5" is a true and correct copy of the Original Judgment.

27

28

- 10 -

7.      On August 4, 2015, the Court entered an amended judgment in favor of Creditors and against the Debtor and Milbank, awarding Creditors the total amount of $715,278.49, plus interest at the legal rate of 10% from the date of entry of the original judgment, until paid (the "Amended Judgment"). Attached hereto as Exhibit "6" is a true and correct copy of the Amended Judgment. As of August 25, 2016, the Creditors are owed approximately $808,496.47.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 25, 2016, at Los Angeles, California.

Wesley W. Lew

61232673.3

# EXHIBIT 1

1  **JOC**
   CATHERINE CORTEZ MASTO
2  Attorney General
   ROBERT G. GIUNTA
3  Senior Deputy Attorney General
   Nevada Bar No. 001229
4  555 E Washington Ave, Ste 3900
   Las Vegas, NV 89101-1068
5  P: (702) 486-3455
   F: (702) 486-0660
6  rgiunta@ag.nv.gov
   Attorneys for Plaintiff
7

Electronically Filed
07/24/2013 12:07:03 PM

*[signature]*

CLERK OF THE COURT

8              **EIGHTH JUDICIAL DISTRICT COURT**

9              **CLARK COUNTY, STATE OF NEVADA**

10  THE STATE OF NEVADA,                )    CASE NO.:  C-11-278252-1
                                        )
11              Plaintiff,              )    DEPT NO.:  V
                                        )
12      vs.                             )
                                        )
13  MASSOUD AARON YASHOUAFAR,           )
    ID # 3061157                        )
14                                      )
                Defendant.              )
15                                      )
                                        )
16              <u>**JUDGMENT OF CONVICTION**</u>

17      WHEREAS, on the 2nd day of July, 2012, MASSOUD AARON YASHOUAFAR, appeared

18  before the Court herein with his attorneys, David Chesnoff, Esq. and Richard Schonfeld, Esq.

19  and entered a conditional plea to Count One of the Information, EMBEZZLEMENT, a Category

20  B felony in violation of NRS 205.300;

21      WHEREAS, thereafter, on the 10th day of April, 2013, the Defendant MASSOUD AARON

22  YASHOUAFAR, being present in court with David Chesnoff, Esq. and Richard Schonfeld, Esq.

23  Robert G. Giunta, Senior Deputy Attorney General, also being present, and Alexander LeVeque,

24  attorney appearing for the victim, Paradise Spa Home Owner's Association, and sentencing

25  being reset to June 4, 2013, and

26      WHEREAS the parties stipulating to a resetting of the sentencing and the Court ordering,

27  the matter was rescheduled to July 2, 2013, and

28  / / /

*Attorney General's Office*
*555 E. Washington, Suite 3900*
*Las Vegas, NV 89101*

1

**TX1072-001**

Exhibit 1
Page 12

1    WHEREAS on the 2nd day of July, 2013, Defendant MASSOUD AARON YASHOUAFAR,

2    being present in court with David Chesnoff, Esq. and Richard Schonfeld, Esq., Robert G. Giunta,

3    Senior Deputy Attorney General, also being present, and Alexander LeVeque representing the

4    victim, Paradise Spa Home Owner's Association, and also being present Timothy Cory, Court

5    appointed receiver and Michael Mushkin, Defendant's counsel, both present to provide

6    testimony regarding the money paid to the victim, Paradise Spa Home Owner's Association by

7    Defendant Yashouafar in Case A – 12-660160 (Massoud Yashouafar v. Paradise Spa Owner's

8    Association, filed in Clark County, Nevada),  and the  above entitled Court did adjudge the

9    Defendant guilty of COUNT 1 – EMBEZZLEMENT , a Category B Felony;

10    COURT ORDERED, in addition to the TWENTY-FIVE DOLLARS ($25.00) Administrative

11    Assessment fee, ONE HUNDRED FIFTY DOLLARS ($150.00) DNA Analysis fee, including

12    testing to determine genetic markers,

13    EIGHT HUNDRED FORTY ONE THOUSAND ONE HUNDRED DOLLARS ($841,100.00)

14    restitution payable to victim PARADISE SPA HOME OWNER'S ASSOCIATION, from any

15    money collected by the court appointed Receiver in Case A – 12-660160 or any related civil

16    matter, said amount to be reflected as restitution in this case, prior to any monies to be applied

17    to any assessments owed by Defendant to victim PARADISE SPA.

18    Defendant SENTENCED to a MINIMUM of TWELVE (12) MONTHS and a MAXIMUM of

19    SIXTY (60) MONTHS in the Nevada Department of Corrections (NDOC), SUSPENDED;  placed

20    on PROBATION for an indeterminate period not to exceed FIVE (5) YEARS with the following

21    CONDITIONS:

22    DEFENDANT is to bring all assessment exclusive of penalties and interest assessed due

23    as of this date on any, and all, condominiums or units within PARADISE SPA, which

24    DEFENDANT either owns or controls, or which are owned by any entity in which DEFENDANT

25    has an interest

26    Including but not limited to the one Hundred and Fifty eight (158) units listed in Exhibit 2

27    of the Guilty Plea Agreement or which are contained in the entity known as PARADISE 2.

28    DEFENDANT is to provide to the Department of Parole and Probation monthly proof of

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

2

**TX1072-002**

Exhibit 1
Page 13

1  payments of said assessments with copies of said reports to be provided to this Court.

2  DEFENDANT is to provide an updated ownership status of units in PARADISE SPA as

3  requested by the Department of Parole & Probation, a copy of which will be provided to this

4  Court by the DEFENDANT. DEFENDANT to provide a full financial accounting as required by

5  the Department of Parole and Probation, a copy of which is to be provided to this Court by

6  DEFENDANT.

7      DEFENDANT, should he acquire or sell any units located in PARADISE SPA, is required

8  to notify the Department of Parole and Probation, as well as this Court of said sales or

9  acquisitions. In the event that DEFENDANT sells any of his units to a bona fide purchaser for

10  value, he will no longer be required to pay assessments on those units. Additionally, if the

11  DEFENDANT loses any of his units to foreclosure, he will no longer be required to pay

12  assessments on those units.

13      DEFENDANT sentenced to serve the first thirty (30) days of his term of probation in the

14  Clark County Detention Center.  DEFENDANT is to return to this Court to surrender himself on

15  the 14th day of August 2013.

16      BOND, if any, EXONERATED.

17      THEREFORE, the Clerk of the above-entitled Court is directed to enter this Judgment of

18  Conviction as part of the record of the above-entitled matter.

19      DATED this _22nd_ day of ~~June~~ _July_ 2013.

20

21

22                                          DISTRICT COURT JUDGE

23  SUBMITTED BY:

24  CATHERINE CORTEZ MASTO
    Attorney General

25

26  By:

27      ROBERT G. GIUNTA
        Senior Deputy Attorney General

28      Nevada Bar No. 01229
        Fraud Unit

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE

CLERK OF THE COURT
JUL 2 2 2014

3

TX1072-003

Exhibit 1
Page 14

# EXHIBIT 2



Electronically Filed
07/02/2012 01:56:35 PM

CLERK OF THE COURT

GPA
CATHERINE CORTEZ MASTO
Attorney General
ROBERT G. GIUNTA
Senior Deputy Attorney General
Nevada Bar No. 001229
555 E Washington Ave, #3900
Las Vegas, NV 89101
P: (702) 486-3199
F: (702) 486-3768
rguinta@ag.nv.gov
Attorneys for Plaintiff, State of Nevada

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

STATE OF NEVADA,

       Plaintiff,

vs.

MASSOUD AARON YASHOUAFAR,

       DEFENDANT.

CASE NO.: C-11-278252-1
DEPT. NO.: V

C-11-278252-1
GPA
Guilty Plea Agreement
1901649

**GUILTY PLEA AGREEMENT**

COMES NOW, THE STATE OF NEVADA, by CATHERINE CORTEZ MASTO, Attorney General, and ROBERT G. GIUNTA, Senior Deputy Attorney General, Bureau of Criminal Justice, and **MASSOUD AARON YASHOUAFAR**, with his attorney DAVID CHESNOFF, Esq., of the law firm of CHESNOFF & SCHONFELD and files this Guilty Plea Agreement.

I, **MASSOUD AARON YASHOUAFAR**, agree to plead guilty to one (1) Count of EMBEZZLEMENT, a felony in violation of NRS 205.300; within Las Vegas Township, Clark County, State of Nevada; as more fully alleged in the Amended Criminal Indictment, attached hereto as Exhibit "1", and incorporated by reference.

My decision to plead guilty is based upon the following plea agreement:

1.    That I, **MASSOUD AARON YASHOUAFAR**, agree to plead guilty to one (1) Count of EMBEZZLEMENT, a B felony in violation of NRS 205.300.

2.    That I, **MASSOUD AARON YASHOUAFAR**, agree to pay full restitution in the

1

AMENDED BY ORDER OF THE COURT
STEVEN D. GRIERSON, CLERK OF THE COURT
[signature]
7/11/12
DEPUTY

**TX1070-001**

Exhibit 2
Page 15

1   amount of One Million Dollars ($1,000,000.00) to the charged victim in this matter, PARADISE

2   SPA OWNER'S ASSOCIATION. I will pay the amount of this restitution  in the following

3   fashion, ~~Five-hundred thousand~~ *One million* dollars ~~($500,000.00)~~ *$1,000,000* prior to my sentencing date, ~~Two~~

4   ~~hundred fifty thousand ($250,000.00) within ninety (90) days following my sentencing date and~~

5   ~~an additional Two Hundred Fifty Thousand Dollars ($250,000.00) one hundred eighty (180)~~

6   ~~days after my sentencing date.~~ Any money paid by DEFENDANT YOUSHAFAR on behalf of

7   PARADISE SPA OWNERS ASSOCIATION will be credited toward this restitution and will be

8   subject to an accounting.   It is understood by the parties that no property rights are

9   adjudicated pursuant to this plea agreement.

10       3.    That I, MASSOUD AARON YASHOUAFAR, will agree to bring the assessments,

11   exclusive of penalties and interest, which are presently due on the condominiums located

12   within Paradise Spa Owner's Association which I currently own either in my own name or

13   which are owned by any entity in which I have an interest or any units in which I may obtain

14   any interest in the next sixty (60) months, including, but not limited to, the units listed in Exhibit

15   2, attached hereto. Further, I, MASSOUD AARON YASHOUAFAR, will keep the assessments

16   on units which I own, other than those units which have been foreclosed upon or sold, current

17   for the duration of the time that I am on probation, if I am granted probation in this matter, but

18   at a minimum will be responsible for keeping these assessments current for Sixty (60) months.

19   Failure to keep these assessments current will be considered a violation of the terms of my

20   probation, if I am granted probation.

21       4.    That if I MASSOUD AARON YASHOUAFAR am able to make full restitution to the

22   victim, PARADISE SPA OWNERS ASSOCIATION, and successfully complete probation,

23   assuming that I am granted probation in this matter, then I may request and the prosecution

24   shall file an Amended Criminal Information charging me with ATTEMPTED THEFT, a gross

25   misdemeanor violation of NRS 205.0832 and NRS 193.330.  The State will then, upon

26   approval of the court, allow Defendant to withdraw his plea to the instant charge and enter a

27   plea of guilty to the gross misdemeanor.

28

2

5.    THAT I, MASSOUD AARON YASHOUAFAR, WILL PAY ALL FEES AND COSTS IMPOSED BY THE COURT.

6.    The parties agree that pursuant to this plea agreement, that the defendant, MASSOUD AARON YASHOUAFAR, be sentenced to a period of probation not to exceed sixty (60) months and  that the first 30 days of probation, should the defendant be granted probation, will be served in custody.  The state retains the right to argue for incarceration in the Clark County Detention Center for that initial thirty day period and the defendant and his attorneys are free to argue that the initial thirty days of his sentence may be served under house arrest. the state retains the right to present victim statements pursuant to NRS 176.015(3); the parties agree that should the court fail to follow the provisions set forth in this plea agreement, that the defendant, MASSOUD AARON YOUSHAFAR, will be permitted to withdraw his plea of guilty and to proceed to trial on the original charges as set forth in the criminal indictment.

7.    That I, MASSOUD AARON YASHOUAFAR, agree to waive any defects or infirmities as to the form of this Amended Criminal Indictment. Further, Defendant agrees that if I fail to appear for any hearings or court dates prior to sentencing or if I commit a new criminal offense prior to sentencing, the State has the right to argue for any lawful sentence based on the original indictment charged in this matter.

### CONSEQUENCES OF THE PLEA

I, MASSOUD AARON YASHOUAFAR, understand that by pleading guilty, I admit the facts which support all the elements of the offense to which I now plead as set forth in Exhibit "1".

I, MASSOUD AARON YASHOUAFAR, understand that as a consequence of my plea of guilty to Count 1 of the Amended Indictment, I may be incarcerated for a period of not less than one (1) year and not more than ten (10) years and that I may be fined up to $10,000. I understand that the law requires me to pay an administrative assessment fee of $25.00.

I understand that, if the Court deems appropriate, I will be ordered to make restitution

3

TX1070-003

Exhibit 2
Page 17

1   to the victims listed in the Criminal Indictment of the offense to which I am pleading guilty.

2       I understand that I am eligible for probation for the offense to which I am pleading

3   guilty. I further understand that, except as otherwise provided by statute, the question of

4   whether I receive probation is in the discretion of the sentencing judge.

5       I have not been promised or guaranteed any particular sentence by anyone. I know that

6   my sentence is to be determined by the court within the limits prescribed by statute. I

7   understand that if my attorney or the State of Nevada or both recommend any specific

8   punishment to the court, the court is not obligated to accept the recommendation.

9

                        **WAIVER OF RIGHTS**
10
        By entering my plea of guilty, I, MASSOUD AARON YASHOUAFAR, understand that I
11
    have waived the following rights and privileges:
12
        1.      The constitutional privilege against self-incrimination, including the right to refuse
13
    to testify at trial, in which event the prosecution would not be allowed to comment to the jury
14
    about my refusal to testify.
15
        2.      The constitutional right to a speedy and public trial by an impartial jury, free of
16
    excessive pretrial publicity prejudicial to the defense, at which trial I would be entitled to the
17
    assistance of an attorney, either appointed or retained. At trial, the state would bear the
18
    burden of proving beyond a reasonable doubt each element of the offense charged.
19
        3.      The constitutional right to confront and cross-examine any witnesses who would
20
    testify against me.
21
        4.      The constitutional right to subpoena witnesses to testify on my behalf.
22
        5.      The constitutional right to testify in my own defense.
23
        6.      The right to appeal the conviction, with the assistance of an attorney, either
24
    appointed or retained, unless the appeal is based upon reasonable constitutional,
25
    jurisdictional or other grounds that challenge the legality of the proceedings and except as
26
    otherwise provided in subsection 3 of NRS 174.035.
27
                        **VOLUNTARINESS OF PLEA**
28
                                    4

**TX1070-004**

Exhibit 2
Page 18

1     I, MASSOUD AARON YASHOUAFAR, have discussed the elements of all the original

2  charges against me with my attorney, David Chesnoff, and I understand the nature of these

3  charges against me.

4     I understand that the State of Nevada would have to prove each element of the

5  charge(s) against me at trial.

6     I have discussed with my attorney any possible defenses and circumstances which

7  might be in my favor.

8     All of the foregoing elements, consequences, rights and waiver of rights have been

9  thoroughly explained to me by my attorney, David Chesnoff, and I believe that pleading guilty

10  and accepting this plea bargain is in my best interest and that a trial would be contrary to my

11  best interest.

12     I am signing this agreement voluntarily, after consultation with my attorney and I am not

13  acting under duress or coercion or by virtue of any promises of leniency, except for those set

14  forth in this agreement.

15     I am not now under the influence of intoxicating liquor, a controlled substance or other

16  drug which would in any manner impair my ability to comprehend or understand this

17  agreement or the proceedings surrounding my entry of this plea.

18     My attorney has answered all questions regarding this guilty plea agreement and its

19  consequences to my satisfaction and I am satisfied with the services provided by my attorney.

20     DATED this _____ day of _____ , 2012.

21

22                MASSOUD AARON YASHOUAFAR

23

24

25

26

27

28

5

TX1070-005

Exhibit 2
Page 19



1

2

3  <u>VERIFICATION OF COUNSEL</u>

4      I have reviewed this matter and I concur that the disposition delineated above is a true

5  and accurate representation of the negotiations entered into and agreed to by myself on

6  behalf of the State of Nevada with the Defendant, MASSOUD AARON YASHOUAFAR, and

7  his attorney, David Chesnoff.

8      Agreed to on this _2_ day of _July_ 2012.

9                                    SUBMITTED BY:

10                                   CATHERINE CORTEZ MASTO
                                     Attorney General
11

12  By:

13                                   ROBERT G. GIUNTA
                                     Senior Deputy Attorney General
14                                   Nevada Bar No. 1229
                                     555 E. Washington Avenue, #3900
15                                   Las Vegas, NV 89101
                                     702-486-3199
16                                   Attorneys for Plaintiff, State of Nevada

17

18

19

20

21

22

23

24

25

26

27

28

                                     6

**TX1070-006**

Exhibit 2
Page 20

## CERTIFICATE OF DEFENSE COUNSEL

I, the undersigned, as the attorney for the Defendant, MASSOUD AARON YASHOUAFAR and as an officer of the court hereby certify that:

1.    I have fully explained to MASSOUD AARON YASHOUAFAR the allegations in the charges to which the guilty plea is being entered.

2.    I have advised MASSOUD AARON YASHOUAFAR of the penalties for each charge and the restitution that the Defendant may be ordered to pay.

3.    All pleas of guilty offered by the Defendant, MASSOUD AARON YASHOUAFAR, pursuant to this agreement are consistent with all the facts known to me and are made with my advice to MASSOUD AARON YASHOUAFAR and are in the best interest of MASSOUD AARON YASHOUAFAR who:

    (a)    Is competent and understands the charges and the consequences of pleading guilty as provided in this agreement.

    (b)    Executed this agreement and will enter all guilty pleas pursuant hereto voluntarily.

    (c)    Was not under the influence of intoxicating liquor, a controlled substance or other drug at the time of the execution of this agreement.

DATED this 2 day of July, 2012.

David Chesnoff, Esq.
CHESNOFF & SCHONFELD
520 S 4th Street
Las Vegas, NV 89101-6520

7

TX1070-007

Exhibit 2
Page 21



Electronically Filed
07/03/2012 11:13:13 AM

CLERK OF THE COURT

1  EXHS
CATHERINE CORTEZ MASTO
2  Attorney General
ROBERT G. GIUNTA
3  Senior Deputy Attorney General
Nevada Bar No. 001229
4  555 E Washington Ave, #3900
Las Vegas, NV 89101
5  P: (702) 486-3199 / F: (702) 486-3768
rguinta@ag.nv.gov
6  Attorneys for Plaintiff, State of Nevada

7                  DISTRICT COURT
                CLARK COUNTY, NEVADA
8
STATE OF NEVADA,
9
        Plaintiff,              CASE NO.:  C-11-278252-1
10                                DEPT. NO.:  V

11      vs.

12  MASSOUD AARON YASHOUAFAR,

13      DEFENDANT.

14
          EXHIBITS TO GUILTY PLEA AGREEMENT
15
      COMES NOW, THE STATE OF NEVADA, by CATHERINE CORTEZ MASTO, Attorney
16
General, and ROBERT G. GIUNTA, Senior Deputy Attorney General, Bureau of Criminal
17
Justice, and MASSOUD AARON YASHOUAFAR, with his attorney DAVID CHESNOFF, Esq.,
18
of the law firm of CHESNOFF & SCHONFELD and files these exhibits to the guilty plea
19
agreement.
20
      Agreed to on this  3  day of  JY  2012.
21
22                  SUBMITTED BY:

23                  CATHERINE CORTEZ MASTO
                    Attorney General
24
          By:
25                  ROBERT G. GIUNTA
                    Senior Deputy Attorney General
26                  Nevada Bar No. 1229
                    555 E Washington Ave, #3900
27                  Las Vegas, NV 89101
                    Attorneys for Plaintiff, State of Nevada
28

                          1

**TX1070-008**

Exhibit 2
Page 22



Exhibit "1"

TX1070-009

Exhibit 2
Page 23

1
AIND
CATHERINE CORTEZ MASTO
2
Attorney General
ROBERT G. GIUNTA
3
Senior Deputy Attorney General
Nevada Bar No. 001229
4
555 E. Washington Avenue, #3900
Las Vegas, NV 89101
5
P: (702) 486-3199
F: (702) 486-3768
6
Email: rgiunta@ag.nv.gov
Attorneys for Plaintiff, State of Nevada
7

8                                    GRAND JURY

9                              CLARK COUNTY, NEVADA

10   STATE OF NEVADA,                   )
                                        )
11        Plaintiff,                    )     CASE NO.:  11BGJ013X
                                        )
12        vs.                           )
                                        )
13   MASSOUD AARON YASHOUAFAR,          )
                                        )
14        DEFENDANT.                    )

15                     AMENDED GRAND JURY INDICTMENT

16        The undersigned, CATHERINE CORTEZ MASTO, Attorney General of the State of

17   Nevada, by and through her Senior Deputy ROBERT G. GIUNTA complains and charges that

18   the above-named DEFENDANT, MASSOUD AARON YASHOUAFAR, (hereinafter

19   "DEFENDANT"), has committed the crime of one (1) Count of EMBEZZLEMENT, a felony, in

20   violation of NRS 205.300 within Clark County, State of Nevada in the following manner:

21                                      COUNT I

22                                  EMBEZZLEMENT

23                               (Felony – NRS 205.300)

24        On or about March 9, 2010, the DEFENDANT, as a bailee of money, goods or

25   property valued at $2,500 or more, did then and there willfully and unlawfully convert it to his

26   own use, with the intent to steal it or to defraud the owner or owners thereof; or, as an agent,

27   manager or clerk of any person, corporation, association or partnership, or any person with

28

                                           1

TX1070-010

Exhibit 2
Page 24

1   whom any money, property or effects have been deposited or entrusted, use or appropriate

2   the money, property or effects or any part thereof, valued at $2,500 or more, in any manner or

3   for any other purpose than that for which they were deposited or entrusted, in the following

4   manner: On or about February 4, 2010, **DEFENDANT**, as the Secretary of the Paradise Spa

5   Owners Association, accepted a check in the amount of Four Hundred Thirty Four Thousand,

6   Five Hundred Sixty-Eight Dollars and Thirty-Five Cents ($434,568.35) issued by the CIVIL

7   SERVICE EMPLOYEES INSURANCE GROUP to the PARADISE SPA OWNERS

8   ASSOCIATION for a claim paid as compensation for a fire which occurred on September 18,

9   2009 and on or about March 9, 2010, did willfully and unlawfully convert Four Hundred Thirty

10  Four Thousand, Five Hundred Sixty-Eight Dollars and Thirty-Five Cents ($434,568.35) to his

11  own use, with the intent to defraud the owner or owners thereof.

12      All of which constitutes the crime of **EMBEZZLEMENT**, in violation of NRS 205.300, a

13  Class B felony.

14      All of which is contrary to the form, force and effect of the statutes in such cases made

15  and provided, and against the peace and dignity of the State of Nevada. Said complainants

16  make this declaration subject to the penalty of perjury.

17      DATED this 30 day of June 2012

18                          SUBMITTED BY:

19                          CATHERINE CORTEZ MASTO
20                          Attorney General

21
                     By:
22                          ROBERT G. GIUNTA
23                          Senior Deputy Attorney General
                            Nevada Bar No. 001229
24                          555 E. Washington Avenue, #3900
                            Las Vegas, NV 89101
25                          702-486-3199
26                          Attorneys for Plaintiff, State of Nevada

27

28

                             2

TX1070-011

Exhibit 2
Page 25



Exhibit "2"

TX1070-012

Exhibit 2
Page 26



Paradise Spa
List of units owned by
M. Aaron Yekhoustar

| Unit # | | Owner |
|---|---|---|
| 23 | | Messoud Yeshouafar |
| 41 | | Messoud Yeshouafar |
| 74 | | Messoud Yeshouafar |
| 1 | | Hexagon |
| 87 | | Hexagon |
| 133 | | Hexagon |
| 150 | | Hexagon |
| 1 | | Hexagon |
| 172 | | Hexagon |
| 210 | | Hexagon |
| 208 | | Hexagon |
| 305 | | Hexagon |
| 351 | | Hexagon |
| 355 | | Hexagon |
| 4 | | Hexagon |
| 13 | | Hexagon |
| 35 | | Hexagon |
| 47 | | Hexagon |
| 88 | | Hexagon |
| 118 | | Hexagon |
| 117 | | Hexagon |
| 137 | | Hexagon |
| 139 | | Hexagon |
| 152 | | Hexagon |
| 169 | | Hexagon |
| 180 | | Hexagon |
| 183 | | Hexagon |
| 184 | | Hexagon |
| 189 | | Hexagon |
| 224 | | Hexagon |
| 245 | | Hexagon |
| 249 | | Hexagon |
| 265 | | Hexagon |
| 280 | | Hexagon |
| 280 | | Hexagon |
| 278 | | Hexagon |
| 279 | | Hexagon |
| 288 | | Hexagon |
| 306 | | Hexagon |
| 317 | | Hexagon |
| 331 | | Hexagon |
| 342 | | Hexagon |
| 348 | | Hexagon |
| 14 | | Madison |
| 20 | | Madison |
| 32 | | Madison |
| 38 | | Madison |
| 45 | | Madison |
| 66 | | Madison |
| 84 | | Madison |
| 89 | | Madison |
| 86 | | Madison |
| 29 | | Madison |
| 93 | | Madison |
| 98 | | Madison |
| 101 | | Madison |
| 103 | | Madison |
| 108 | | Madison |
| 110 | | Madison |
| 112 | | Madison |
| 120 | | Madison |
| 122 | | Madison |
| 128 | | Madison |
| 132 | | Madison |
| 134 | | Madison |
| 140 | | Madison |
| 143 | | Madison |
| 148 | | Madison |
| 159 | | Madison |
| 178 | | Madison |
| 188 | | Madison |
| 192 | | Madison |
| 189 | | Madison |
| 211 | | Madison |
| 220 | | Madison |

Page 1 of 3

TX1070-013

Exhibit 2
Page 27



TX1070-014

Exhibit 2
Page 28



Paradise Spa
List of units owned by
M. Aaron Yashouafar

| Unit # | | Owner |
|---|---|---|
| 16 | | Madison 30% Owner |
| 58 | | Madison 30% Owner |
| 67 | | Madison 30% Owner |
| 70 | | Madison 30% Owner |
| 71 | | Madison 30% Owner |
| 90 | | Madison 30% Owner |
| 91 | | Madison 30% Owner |
| 95 | | Madison 30% Owner |
| 107 | | Madison 30% Owner |
| 109 | | Madison 30% Owner |
| 124 | | Madison 30% Owner |
| 157 | | Madison 30% Owner |
| 158 | | Madison 30% Owner |
| 164 | | Madison 30% Owner |
| 167 | | Madison 30% Owner |
| 283 | | Madison 30% Owner |
| 284 | | Madison 30% Owner |
| 302 | | Madison 30% Owner |
| 320 | | Madison 30% Owner |
| 331 | | Madison 30% Owner |
| 332 | | Madison 30% Owner |
| 335 | | Madison 30% Owner |
| 348 | | Madison 30% Owner |
| 349 | | Madison 30% Owner |
| 351 | | Madison 30% Owner |
| 352 | | Madison 30% Owner |
| 357 | | Madison 30% Owner |
| 369 | | Madison 30% Owner |
| 371 | | Madison 30% Owner |
| 373 | | Madison 30% Owner |
| 374 | | Madison 30% Owner |
| 375 | | Madison 30% Owner |
| 376 | | Madison 30% Owner |
| 380 | | Madison 30% Owner |
| 381 | | Madison 30% Owner |
| 384 | | Madison 30% Owner |

35 Madison is only 30% owner

Page 3 of 3

**TX1070-015**

Exhibit 2
Page 29

# EXHIBIT 3

https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID..

Skip to Main Content Logout My Account Search Menu New District Civil/Criminal Search Refine Search Back    Location : District Court Civil/Criminal    Help

# REGISTER OF ACTIONS
## CASE NO. C-11-278252-1

| State of Nevada vs Massoud Yashouafar | § | | Case Type: | Felony/Gross Misdemeanor |
|---|---|---|---|---|
| | § | | Date Filed: | 12/16/2011 |
| | § | | Location: | Department 5 |
| | § | | Cross-Reference Case Number: | C278252 |
| | § | | Defendant's Scope ID #: | 3061157 |
| | § | | Grand Jury Case Number: | 11BGJ013 |
| | § | | | |
| | § | | | |

### PARTY INFORMATION

| | | | Lead Attorneys |
|---|---|---|---|
| Defendant | Yashouafar, Massoud Aaron | | Pro Se |
| | | | |
| Plaintiff | State of Nevada | | Catherine M Cortez |
| | | | 702-486-3420(W) |

### CHARGE INFORMATION

Charges: Yashouafar, Massoud Aaron

| | | Statute | Level | Date |
|---|---|---|---|---|
| 1. | EMBEZZLEMENT | 205.300 | Felony | 03/09/2010 |
| 2. | EMBEZZLEMENT | 205.300 | Felony | 02/04/2010 |
| 3. | THEFT (FELONY) | 205.0832 | Felony | 04/21/2010 |
| 4. | EMBEZZLEMENT | 205.300 | Felony | 05/03/2010 |
| 5. | THEFT (FELONY) | 205.0832 | Felony | 09/09/2010 |
| 6. | EMBEZZLEMENT | 205.300 | Felony | 03/09/2010 |

### EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

| 07/11/2012 | **Disposition** (Judicial Officer: Ellsworth, Carolyn) |
|---|---|
| | 2. EMBEZZLEMENT |
| | Charges Amended/Dropped |
| | 3. THEFT (FELONY) |
| | Charges Amended/Dropped |
| | 4. EMBEZZLEMENT |
| | Charges Amended/Dropped |
| | 5. THEFT (FELONY) |
| | Charges Amended/Dropped |
| | 6. EMBEZZLEMENT |
| | Charges Amended/Dropped |
| 07/11/2012 | **Plea** (Judicial Officer: Ellsworth, Carolyn) |
| | 1. EMBEZZLEMENT |
| | Guilty |
| 07/02/2013 | **Disposition** (Judicial Officer: Ellsworth, Carolyn) |
| | 1. EMBEZZLEMENT |
| | Guilty |
| 07/02/2013 | **Adult Adjudication** (Judicial Officer: Ellsworth, Carolyn) |
| | 1. EMBEZZLEMENT |
| | Fee Totals: |

| | | |
|---|---|---|
| ADMINISTRATIVE ASSESSMENT FEE --- Crim fee sch | | $25.00 |
| DNA ANALYSIS FEE --- Crim fee sch - $150 | | $150.00 |
| Fee Totals $ | | $175.00 |

**OTHER EVENTS AND HEARINGS**

| 12/16/2011 | **Indictment** |
|---|---|
| 12/16/2011 | **Grand Jury Indictment**  (11:45 AM) (Judicial Officer Bell, Linda Marie) |
| | Minutes |
| | Result: Matter Heard |
| 12/16/2011 | **Summons** |
| | *SUMMONS (INDICTMENT)* |

1 of 4

**TX1074-001**
Exhibit 3
Page 30

https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID..

| | |
|---|---|
| 01/04/2012 | **Initial Arraignment**  (9:00 AM) (Judicial Officer Ellsworth, Carolyn) |
| | Parties Present |
| | Minutes |
| | Result: Continued |
| 01/05/2012 | **Transcript of Proceedings** |
| | *Reporter's Transcript of Proceedings - Grand Jury Hearing December 15, 2011* |
| 01/09/2012 | **Receipt for Grand Jury Transcript** |
| 01/11/2012 | **Media Request and Order** |
| | *Media Request and Order for Camera Access to Court Proceedings* |
| 01/18/2012 | **Arraignment Continued**  (9:00 AM) (Judicial Officer Ellsworth, Carolyn) |
| | Parties Present |
| | Minutes |
| | Result: Plea Entered |
| 01/24/2012 | **Stipulation and Order** |
| | *Stipulation and Order for O.R. Release* |
| 02/06/2012 | **Status Check**  (9:00 AM) (Judicial Officer Ellsworth, Carolyn) |
| | *Negotiations* |
| | Parties Present |
| | Minutes |
| | Result: Off Calendar |
| 02/27/2012 | **Petition for Writ of Habeas Corpus** |
| 02/27/2012 | **Receipt of Copy** |
| 03/06/2012 | **Order** |
| | *Order that Writ of Habeas Corpus Issue* |
| 03/07/2012 | **Writ of Habeas Corpus** |
| 03/07/2012 | **Receipt of Copy** |
| 03/07/2012 | **Return** |
| | *Return to Writ* |
| 03/12/2012 | **Petition for Writ of Habeas Corpus**  (9:00 AM) (Judicial Officer Ellsworth, Carolyn) |
| | **03/12/2012, 03/19/2012** |
| | Parties Present |
| | Minutes |
| | Result: Matter Continued |
| 03/19/2012 | **Argument**  (9:00 AM) (Judicial Officer Ellsworth, Carolyn) |
| | *Petition for Writ of Habeas Corpus* |
| 03/19/2012 | **All Pending Motions**  (9:00 AM) (Judicial Officer Ellsworth, Carolyn) |
| | *3/19/12* |
| | Parties Present |
| | Minutes |
| | Result: Denied |
| 05/31/2012 | **Order Denying** |
| | *Order Denying Petition For Writ of Habeas Corpus* |
| 06/05/2012 | **Notice of Entry of Order** |
| 07/02/2012 | **Guilty Plea Agreement** |
| | *Guilty Plea Agreement* |
| 07/03/2012 | **Exhibits** |
| | *Exhibits to Guilty Plea Agreement* |
| 07/11/2012 | **Entry of Plea**  (9:00 AM) (Judicial Officer Ellsworth, Carolyn) |
| | Parties Present |
| | Minutes |
| | Result: Plea Entered |
| 07/11/2012 | **Amended Indictment** |
| | *Amended Grand Jury Indictment* |
| 07/11/2012 | **Guilty Plea Agreement** |
| | *Amended Guilty Plea Agreement* |
| 09/24/2012 | *CANCELED*  **Calendar Call**  (9:00 AM) (Judicial Officer Ellsworth, Carolyn) |
| | *Vacated - per Judge* |
| 10/01/2012 | *CANCELED*  **Jury Trial**  (1:30 PM) (Judicial Officer Ellsworth, Carolyn) |
| | *Vacated - per Judge* |
| 11/07/2012 | **Memorandum** |
| | *Memorandum In Mitigation of Punishment (Request for Probation)* |
| 11/07/2012 | **PSI** |
| 11/08/2012 | **Notice** |
| | *Notice of Intent to Presdent Victim Impact Statement* |
| 11/14/2012 | **Sentencing**  (9:00 AM) (Judicial Officer Hardcastle, Kathy) |
| | **11/14/2012, 02/25/2013, 04/10/2013, 07/02/2013** |
| | Parties Present |
| | Minutes |
| | *01/09/2013 Reset by Court to 01/30/2013* |

**TX1074-002**
Exhibit 3
Page 31

https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID..

|  |  |
|---|---|
|  | *01/30/2013 Reset by Court to 02/25/2013* |
|  | *06/04/2013 Reset by Court to 07/02/2013* |
|  | Result: Continued |
| 11/15/2012 | **Media Request and Order** |
|  | *Media Request and Order for Camera Access to Court Proceedings* |
| 11/28/2012 | **Media Request and Order** |
|  | *Media Request and Order Allowing Camera Access to Court Proceedings* |
| 11/29/2012 | **Order** |
|  | *Proposed Order* |
| 01/18/2013 | **Stipulation** |
|  | *Stipulation to Continue Sentencing Date* |
| 01/28/2013 | **Order** |
| 04/04/2013 | **PSI - Supplemental PSI** |
| 04/10/2013 | *CANCELED*   **At Request of Court**  (9:00 AM) (Judicial Officer Ellsworth, Carolyn) |
|  | *Vacated* |
| 05/31/2013 | **Stipulation and Order** |
|  | *Stipulation and Order to Continue Sentencing Date* |
| 06/04/2013 | *CANCELED*   **Hearing**  (9:00 AM) (Judicial Officer Ellsworth, Carolyn) |
|  | *Vacated - per Secretary* |
|  | *Hearing: Restitution/ Sentencing* |
| 06/25/2013 | **Response** |
|  | *Aaron Yahsouafar's Response to Paradise Spa Homeowner's Position Regarding Restitution/Submission of Defendant Yashouafar's Position* |
|  | *Regarding Restitution* |
| 06/26/2013 | **Receipt of Copy** |
|  | *Receipt of Copy* |
| 06/26/2013 | **Receipt of Copy** |
|  | *Receipt of Copy* |
| 07/24/2013 | **Judgment of Conviction** |
|  | *Judgment of Conviction* |
| 08/14/2013 | **Surrender**  (9:00 AM) (Judicial Officer Ellsworth, Carolyn) |
|  | Parties Present |
|  | Minutes |
|  | Result: Remanded |
| 08/14/2013 | **Recorders Transcript of Hearing** |
|  | *Transcript of Proceedings: Sentencing Plea -- 7-2-13* |
| 08/19/2013 | **Criminal Order to Statistically Close Case** |
|  | *Criminal Order to Statistically Close Case* |
| 11/04/2013 | **Motion** |
|  | *Arron Yashouafar's Motion to Modify Conditions of Probation* |
| 11/04/2013 | **Receipt of Copy** |
|  | *Receipt of Copy* |
| 11/18/2013 | **Motion to Modify Probation**  (9:00 AM) (Judicial Officer Ellsworth, Carolyn) |
|  | *Defendant Arron Yashouafar's Motion to Modify Conditions of Probation* |
|  | Parties Present |
|  | Minutes |
|  | Result: Granted |
| 12/09/2013 | **Recorders Transcript of Hearing** |
|  | *Recorder's Transcript Re: Entry of Plea - July 11, 2012* |
| 12/12/2013 | **Order** |
| 12/26/2013 | **Order Admitting Defendant to Probation & Fixing Terms** |
|  | *Order Admitting Defendant to Probation & Fixing the Terms Thereof* |
| 03/07/2014 | **Motion** |
|  | *Aaron Yashouafar's Motion to Remove Probation Condition of Drug Testing* |
| 03/10/2014 | **Receipt of Copy** |
|  | *Receipt of Copy* |
| 03/10/2014 | **Receipt of Copy** |
|  | *Receipt of Copy* |
| 03/17/2014 | **Motion**  (9:00 AM) (Judicial Officer Ellsworth, Carolyn) |
|  | *Defendant - Aaron Yashouafar's Motion to Remove Probation Condition of Drug Testing* |
| 03/17/2014 | **Order** |
|  | *Order* |
| 06/13/2014 | **Motion** |
|  | *Motion to Withdraw as Counsel of Record* |
| 06/13/2014 | **Receipt of Copy** |
|  | *Receipt of Copy* |
| 06/23/2014 | **Motion to Withdraw as Counsel**  (9:00 AM) (Judicial Officer Ellsworth, Carolyn) |
|  | *Motion to Withdraw as Counsel of Record* |
|  | Parties Present |
|  | Minutes |
|  | Result: Motion Granted |
| 06/27/2014 | **Order to Withdraw as Attorney of Record** |
|  | *Order Granting Motion To Withdraw* |

**TX1074-003**

Exhibit 3
Page 32

https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID...

FINANCIAL INFORMATION

**Defendant** Yashouafar, Massoud Aaron

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | 608.00 |
| | Total Payments and Credits | | | 433.00 |
| | **Balance Due as of 07/30/2014** | | | **175.00** |

| | | | | |
|---|---|---|---|---|
| 12/22/2011 | Transaction Assessment | | | 11.00 |
| 12/22/2011 | Payment (Window) | Receipt # 2011-145685-CCCLK | LEGAL WINGS | (11.00) |
| 08/15/2012 | Transaction Assessment | | | 10.00 |
| 08/15/2012 | Payment (Window) | Receipt # 2012-102584-CCCLK | LEGAL WINGS | (10.00) |
| 08/16/2012 | Transaction Assessment | | | 34.00 |
| 08/16/2012 | Payment (Window) | Receipt # 2012-103200-CCCLK | LEGAL WINGS | (34.00) |
| 09/12/2012 | Transaction Assessment | | | 47.00 |
| 09/12/2012 | Payment (Window) | Receipt # 2012-114207-CCCLK | HALL JAFFE & CLAYTON LLP | (47.00) |
| 07/10/2013 | Transaction Assessment | | | 175.00 |
| 10/28/2013 | Transaction Assessment | | | 7.00 |
| 10/28/2013 | Payment (Window) | Receipt # 2013-130500-CCCLK | BULLET LEGAL SERVICES | (7.00) |
| 12/02/2013 | Transaction Assessment | | | 12.50 |
| 12/02/2013 | Payment (Window) | Receipt # 2013-144804-CCCLK | Bullet Legal Services | (12.50) |
| 01/28/2014 | Transaction Assessment | | | 13.50 |
| 01/28/2014 | Payment (Window) | Receipt # 2014-10966-CCCLK | Legal Wings | (13.50) |
| 02/12/2014 | Transaction Assessment | | | 10.00 |
| 02/12/2014 | Payment (Window) | Receipt # 2014-18134-CCCLK | American Legal Investigation | (10.00) |
| 04/28/2014 | Transaction Assessment | | | 185.50 |
| 04/28/2014 | Payment (Window) | Receipt # 2014-49380-CCCLK | Diamond Abstractors | (185.50) |
| 06/17/2014 | Transaction Assessment | | | 8.00 |
| 06/17/2014 | Payment (Window) | Receipt # 2014-69723-CCCLK | Elite Investtigations | (8.00) |
| 07/16/2014 | Transaction Assessment | | | 91.00 |
| 07/16/2014 | Payment (Window) | Receipt # 2014-81693-CCCLK | American Legal Investigation Services Nevada, Inc | (91.00) |
| 07/22/2014 | Transaction Assessment | | | 3.50 |
| 07/22/2014 | Payment (Window) | Receipt # 2014-83825-CCCLK | American Legal Investigation Services Nevada | (3.50) |

7/30/2014 11:47 AM

**TX1074-004**
Exhibit 3
Page 33

# EXHIBIT 4

## Tentative Ruling
## Yashouafar v. Van Nuys Plywood
## SC111198

The Plaintiffs in this action are Massoud Yashouafar ("Yashouafar") and Milbank Holding Corp. ("Milbank").  Plaintiffs' revised SAC (filed on September 19, 2013) alleges wrongful foreclosure of a Beverly Hills residential property secured by a deed of trust, and damages based upon the January 13, 2013, foreclosure sale of that property.  The Plaintiffs contend that Danny Pakravan promised not to foreclose on the property for thirty (30) days, but broke his promise and foreclosed on the property costing Plaintiffs their mother's family home which had more than $5,000,000.00 in equity at the time of the sale.

The Lender Defendants, defendants Van Nuys Plywood, PY Note Investors, and Danny Pakravan ("Defendants"), contend that there is simply no basis for the Court to find for the Plaintiffs regarding the remaining causes of action in the revised SAC, i.e., the first, third, and seventh causes of action for cancellation of instrument (wrongful foreclosure) and promissory estoppel.  Defendants assert that no promise was ever made by Mr. Pakravan as claimed by the Yashouafars, hence the wrongful foreclosure and promissory estoppel claims fail because Plaintiffs cannot show the existence of a promise or detrimental reliance.

The facts adduced at trial were, for the most part, not in dispute.  The property at issue, 9439 Sunset Blvd., in Beverly Hills, had been owned by the Yashouafar family for approximately thirty years.  The loan at issue in this case was extended by Security Pacific Bank.  In 2008, the loan was secured against the property until the loan was taken over by the FDIC.  The FDIC called in the loan which was, eventually, acquired in December 2009, by Defendant PY Note along with the deed of trust.  Plaintiffs claimed that the acquisition of the loan by Mr. Parkravan was fraudulent and duplicitous.  This dishonesty alleged by the Plaintiffs regarding the purchase of the loan was only permitted for the very limited purpose of establishing certain mental states that proved relevant in the matter, and not for the substance of these matters due to the forbearance agreement reached between the parties.

When the loan and deed of trust were acquired by the Defendants, a forbearance agreement prepared by Defendants' counsel was entered into which provided for a principal reduction payment, a waiver of claims and an "outside payoff date" of December 10, 2010.  Plaintiffs contended that Defendants breached the forbearance agreement by filing a notice of default and posting a notice of sale (Plaintiffs argued this violated the agreement wherein Defendants agreed not to exercise any of their rights and remedies under the loan documents prior to the "outside date.").  Plaintiffs testified that because of the NOD and NOS, Plaintiffs were unable to refinance the property and pay off the loan by use of a traditional lender.  There was a dispute in the testimony about an alleged meeting wherein the Plaintiffs indicated they met with Defendants and discussed lifting the NOD and NOS to allow for better financing, but Plaintiffs and Defendants concurred that no agreement was reached.

The Plaintiff testified that he sought to obtain financing through Mr. Elyaszadeh from a Mr. Khalili which proved successful shortly after New Year, 2011, after the "outside date," although there was very little substantive evidence to support the contention.  The Plaintiff testified that the only reason he didn't obtain the funds and agree to the loan available through Mr. Elyaszadeh was because Mr. Pakravan had promised his brother, Solyman, in a telephone conversation Plaintiff was not privy to, not to foreclose on the property for thirty days.  The Plaintiff indicated he could have obtained the funds, but with knowledge of the alleged thirty day extension, he was seeking better loan terms from Mr. Khalili.  Mr. Pakravan denied having that conversation.

As corroboration to the telephone conversation granting the extension, Plaintiffs pointed out that the foreclosure sale was continued two times, consistent with the conversation.  Mr. Pakravan contradicted that testimony by establishing alternative reasons for the continuances, having nothing to do with the "conversation."  Pakravan testified and the trustee, Ms. Monge corroborated, that the two reasons for continuing the sale were first, that the sale date was going to be beyond the required 365 day date, and second, a fax received by Ms. Monge indicated the property had been transferred to a third party who had filed seeking bankruptcy protection.  Notwithstanding the suspicious timing of the fax and the only party who appeared to benefit being the Plaintiff facing a foreclosure sale, the Plaintiff denied having sent or authorizing the sending of the fax.  Shortly thereafter, the property was sold in foreclosure.

Exhibit 4
Page34

**Having heard all of the evidence in this matter, the Court finds for the Defendants. The Court bases its ruling on the following:**

1. **The evidentiary rulings outstanding for the Court are as follows:**
   A. **Plaintiff objects to Defendants' exhibits 1 – 6 for which the Court rules as follows:**
      1. **1 and 3 received, the rest are not; and**
   B. **Defendant objects to Plaintiffs' exhibits 27-31, 54, 58-59, 69, and 1046 for which the Court rules as follows:**
      1. **27-31 received, 54 not received – insufficient foundation, 58-59 received, 69 and 1046 received.**

2. **The elements of a cause of action for promissory estoppel are: "(1) a promise, (2) the promisor should reasonably expect the promise to induce action or forbearance on the part of the promisee or a third person, (3) the promise induces action or forbearance by the promisee or a third person (which we refer to as detrimental reliance), and (4) injustice can be avoided only by enforcement of the promise. [Citation.]" West v. JP Morgan Chase Bank, NA (2013) 214 CA 4th 780, 803. The doctrine does not apply "'in the absence of a showing that a promise had been made upon which the complaining party relied to his prejudice....' [Citation.] The promise must, in addition, be 'clear and unambiguous in its terms.'" Garcia v. World Savings, FSB (2010) 183 CA 4th 1031, 1044;**

3. **The elements of a wrongful foreclosure claim are: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering. [Citations.]" Lona v. Citibank, N.A. (2011) 202 CA 4th 89, 104 (emphasis added);**

4. **Here, Plaintiffs' claims for wrongful foreclosure and promissory estoppel are primarily based on the same core set of facts. Plaintiffs assert that they relied, to their detriment, on a (broken) oral promise by defendant Pakravan to Yashouafar's brother "Solyman" (for purposes of clarity and not out of any familiarity or disrespect) that the foreclosure sale would be postponed at least thirty days, to give Plaintiffs a chance to refinance the property. In other words, Plaintiffs assert that Defendants promised to postpone the foreclosure sale past the January 13, 2011, (the date on which the foreclosure sale of the property took place);**

5. **The Plaintiffs failed to meet their burden of proof regarding the alleged promise made by Mr. Parkavan to Solyman postponing the foreclosure sale for the following reasons:**
   A. **Although Plaintiff's counsel skillfully sought to thread the needle regarding the purported promise made by Mr. Pakravan, the Court simply did not believe or trust the testimony of Solyman. The Plaintiffs entire case is predicated on the notion that they never would have risked the sale of the family home with more than $5,000,000.00 in equity without the alleged promise by Pakravan. Of course, they had risked the sale of the home while in default before the note and deed were originally transferred. In fact, the Plaintiffs' claimed that they could have paid off the note at any time with the assistance of Mr. Elyaszadeh and Mr. Pakravan's willingness to accept an assignment. Of course, despite these claims, Plaintiffs took that very risk they claimed they wouldn't take with the family home while they sought to negotiate better "short term" rates which they could easily have refinanced (as Plaintiff claimed) once the NOD and NOS were lifted. The Court finds Plaintiffs' contention deeply troubling when Plaintiffs acknowledged that they had been betrayed and deceived by Mr. Pakravan, and, yet, the Plaintiffs purportedly accepted his alleged unwritten promise to extend the foreclosure of the family home without any supporting documentation, email, writing, or outside person to corroborate their position. In fact, the Plaintiff himself never heard the promise made by Mr. Pakravan subsequent or during this alleged telephone**

Exhibit 4
Page35

conversation.  Moreover, Plaintiff corroborated Mr. Pakravan's testimony that Pakravan had directed Plaintiff to Pakravan's counsel when issues previously arose related to the note, deed or forbearance agreement (consistent with Parkravan's claims that he never did anything without his attorney's involvement);

B. Solyman's statements, in deposition, declaration and in trial were, at best, inconsistent with one another;

C. The Court believes that Plaintiff, or someone at his direction or connected to him, had something to do with the faxed transfer document to the trustee, Ms. Monge, which created the need to continue the foreclosure sale the second time.  Plaintiff suggests that the burden is on the Defendants to refute Plaintiff's claim that he had nothing to do with it.  The Court feels otherwise.  No one but Plaintiff had something to gain from the submission which required the continuance of the foreclosure sale, and no corroborating evidence was presented which supported Plaintiff's claimed lack of involvement.

6. Based upon the aforementioned findings, the Court finds for the Defendants on all causes of action and against the Plaintiffs;

7. As the prevailing party, the Defendants are entitled to costs which must be the subject of a memorandum of costs timely submitted;

8. If the Defendants are seeking attorneys' fees, that request must be the subject of a noticed motion;

9. Defendants are to give notice of this Court's ruling; and

10. Defendants are to prepare a proposed judgment consistent with this ruling.

Exhibit 4
Page36

# EXHIBIT 5



1    Christopher S. Reeder, SBN 193041
     CReeder@robinskaplan.com
2    Wesley W. Lew, SBN 222351
     WLew@robinskaplan.com
3    **ROBINS KAPLAN LLP**
     2049 Century Park East, Suite 3400
4    Los Angeles, CA 90067-3208
     Telephone:    310-552-0130
5    Facsimile:    310-229-5800

6    Attorneys for Defendants
     VAN NUYS PLYWOOD, LLC; PY NOTE
7    INVESTORS, LLC, and DANNY PAKRAVAN

RECEIVED

APR 01 2015

SUPERIOR COURT
WEST DISTRICT
SANTA MONICA

**CONFORMED COPY
ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**MAY 07 2015**

Sherri R. Carter, Executive Officer/Clerk

By Darian Salisbury, Deputy

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                         COUNTY OF LOS ANGELES

11

12   MASSOUD YASHOUAFAR, an
     individual; MILBANK HOLDING CORP.,
13   a California Corporation,

14            Plaintiffs,

15      v.

16   VAN NUYS PLYWOOD, LLC, a
     California Limited Liability Company; PY
17   NOTE INVESTORS LLC, a California
     Limited Liability Company; MALIBU
18   RECONVEYANCE, LLC, a California
     Limited Liability Company; SODA
19   PARTNERS, LLC, a California Limited
     Liability Company; DANNY
20   PAKRAVAN; and DOES 1 to 10,

21            Defendants.

Case No. SC111198

[Assigned for all purposes to the Hon. Richard
A. Stone, Dept. M]

[~~PROPOSED~~] **JUDGMENT**

22

23

24

25

26

27

28

60985736.1

[PROPOSED] JUDGMENT

Exhibit 5
Page 37

1    This action came on for trial before the Court, on November 12, 17, and December 1,

2 2014, the Honorable Richard A. Stone, Judge Presiding.   Appearances were as stated on the

3 record.  Having fully considered the evidence presented, the issues having been duly heard and a

4 Statement of Decision having been duly rendered issued by the Court on March 25, 2015:

5    IT IS HEREBY ORDERED AND ADJUDGED that:

6    1.    Judgment is entered in favor of Defendants Van Nuys Plywood, LLC, PY Note

7 Investors, LLC and Danny Pakravan ("Defendants") and against Plaintiffs Massoud Yashouafar

8 and Milbank Holding Corp. on all causes of action;

9    2.    Defendants are the prevailing parties;

10    3.    Defendants are entitled to recover their costs in connection with this lawsuit upon

11 the timely filing of a memorandum of costs; and,

12    4.    If Defendants are seeking attorneys' fees, that request must be made pursuant to a

13 noticed motion.

14

15 Dated: __MAY 0 7 2015__    _____

16                                                LAWRENCE H. CHO
                                                 Los Angeles Superior Court Judge

17

18

19

20

21

22

23

24

25

26

27

28

60985736.1                                    - 2 -

|PROPOSED| JUDGMENT

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

Exhibit 5
Page 38

1

## PROOF OF SERVICE

2

    I am employed in the County of Los Angeles.  I am over the age of eighteen years and not

3

a party to the entitled action.  My business address is 2049 Century Park East, Suite 3400, Los
Angeles, California 90067.

4

    On **March 31, 2015,** I served the following documents(s) described as:

5

6

**[PROPOSED] JUDGMENT**

7

on the interested party(ies) in this action by placing true copies thereof enclosed in sealed
envelopes and/or packages address as follows:

8

9

Michael W. Vivoli, Esq.
VIVOLI SACCUZZO, LLP

*Associated Counsel for Plaintiffs Massoud*
*Yashouafar and Milbank Holdings Corp.*

10

2550 Fifth Avenue, Suite 709
San Diego, CA 92103

11

*mvivoli@vivolilaw.com*
Telephone: 619-744-9992

12

Facsimile: 619-744-9994

13

☒   **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing

14

correspondence for mailing. Under that practice it would be deposited with the U.S. postal service
on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary

15

course of business.

16

☐   **BY ELECTRONIC SERVICE:**  Based on a court order or an agreement of the parties to

17

accept service by electronic transmission.  I caused the documents to be sent to the persons at the
electronic notification addresses listed above.  I did not receive within a reasonable time after the

18

transmission, any electronic message or other indication that the transmission was unsuccessful.

19

☒   **STATE:** I declare under penalty of perjury under the laws of the State of California that
the foregoing is true and correct.

20

21

    Executed on **March 31, 2015,** at Los Angeles, California.

22

23

Elena Zyalyukova

24

25

26

27

28

60985736.1

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

**[PROPOSED] JUDGMENT**

Exhibit 5
Page 39

# EXHIBIT 6

1  Christopher S. Reeder, SBN 193041
   CReeder@robinskaplan.com
2  Wesley W. Lew, SBN 222351
   WLew@robinskaplan.com
3  **ROBINS KAPLAN LLP**
   2049 Century Park East, Suite 3400
4  Los Angeles, CA 90067-3208
   Telephone:    310-552-0130
5  Facsimile:     310-229-5800

6  Attorneys for Defendants
   VAN NUYS PLYWOOD, LLC; PY NOTE
7  INVESTORS, LLC, and DANNY PAKRAVAN

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

JUL 04 2015

Sherri R. Carter, Executive Officer/Clerk

By Darian Salisbury, Deputy

8

        SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                COUNTY OF LOS ANGELES

10

11

12  MASSOUD YASHOUAFAR, an
    individual; MILBANK HOLDING CORP.,
13  a California Corporation,

                                        Case No.  SC111198

                                        [Assigned for all purposes to the Hon. Richard
                                        A. Stone, Dept. M]

14               Plaintiffs,

                                        [~~PROPOSED~~] AMENDED JUDGMENT

15        v.

16  VAN NUYS PLYWOOD, LLC, a
    California Limited Liability Company; PY
17  NOTE INVESTORS LLC, a California
    Limited Liability Company; MALIBU
18  RECONVEYANCE, LLC, a California
    Limited Liability Company; SODA
19  PARTNERS, LLC, a California Limited
    Liability Company; DANNY
20  PAKRAVAN; and DOES 1 to 10,

21               Defendants.

22

23

24

25

26

27

28

61055885.1

                    [~~PROPOSED~~] AMENDED JUDGMENT

Exhibit 6
Page 40

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1      This action came on for trial before the Court, on November 12, 17, and December 1,

2  2014, the Honorable Richard A. Stone, Judge Presiding.  Appearances were as stated on the

3  record.  Having fully considered the evidence presented, the issues having been duly heard and a

4  Statement of Decision having been duly rendered issued by the Court on March 25, 2015:

5      IT IS HEREBY ORDERED AND ADJUDGED that:

6      1.    Judgment is entered in favor of Defendants Van Nuys Plywood, LLC, PY Note

7  Investors, LLC and Danny Pakravan ("Defendants") and against Plaintiffs Massoud Yashouafar

8  and Milbank Holding Corp. on all causes of action;

9      2.    Defendants are the prevailing parties;

10     3.    Defendants are entitled to recover their costs in connection with this lawsuit upon

11 the timely filing of a memorandum of costs; and,

12     4.    If Defendants are seeking attorneys' fees, that request must be made pursuant to a

13 noticed motion.

14     Based on the Court's July 9, 2015 order awarding attorney's fees in favor of Defendants

15 and against Plaintiffs Massoud Yashouafar and Milbank Holding Corp. pursuant to Defendants'

16 timely filed Motion for Attorney's Fees:

17     IT IS HEREBY FURTHER ORDERED AND ADJUDGED that:

18     1.    Defendants shall recover from Plaintiffs Massoud Yashouafar and Milbank

19 Holding Corp., jointly and severally, attorney's fees in the amount of $607,750.00.

20     Based on the Court's July 24, 2015 denial of Plaintiffs' Motion to Tax Costs requested by

21 Defendants in their timely filed Memorandum of Costs, and the Court's order awarding costs in

22 favor of Defendants and against Plaintiffs Massoud Yashouafar and Milbank Holding Corp.:

23     IT IS HEREBY FURTHER ORDERED AND ADJUDGED that:

24     1.    Defendants shall also recover from Plaintiffs Massoud Yashouafar and Milbank

25 Holding Corp., jointly and severally, costs in the amount of $107,528.49.

26 ///

27 ///

28 ///

61055885.1

- 2 -

[PROPOSED] AMENDED JUDGMENT

Exhibit 6
Page 41

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1       2.      Defendants shall recover from Plaintiffs Massoud Yashouafar and Milbank

2    Holding Corp., jointly and severally, a total judgment of $715,278.49, plus interest thereon at the

3    legal rate of 10% from the date of entry of the original judgment on May 7, 2015, until paid.

4

5    Dated:  _____             _____

                 AUG 0 4 2015

6                                            RICHARD A. STONE

7                                          Hon. Richard A. Stone
                                          Los Angeles Superior Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

61055885.1                           - 3 -

[PROPOSED] AMENDED JUDGMENT

Exhibit 6
Page 42

**PROOF OF SERVICE**

I am employed in the County of Los Angeles.  I am over the age of eighteen years and not a party to the entitled action.  My business address is 2049 Century Park East, Suite 3400, Los Angeles, California 90067.

On **July 30, 2015,** I served the following documents(s) described as:

**[PROPOSED] AMENDED JUDGMENT**

on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages address as follows:

Michael W. Vivoli, Esq.                    *Associated Counsel for Plaintiffs Massoud*
VIVOLI SACCUZZO, LLP                 *Yashouafar and Milbank Holdings Corp.*
2550 Fifth Avenue, Suite 709
San Diego, CA 92103
*mvivoli@vivolilaw.com*
Telephone: 619-744-9992
Facsimile: 619-744-9994

☒    **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

☐    **BY ELECTRONIC SERVICE:**  Based on a court order or an agreement of the parties to accept service by electronic transmission.  I caused the documents to be sent to the persons at the electronic notification addresses listed above.  I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **July 30, 2015,** at Los Angeles, California.

_____
Elena Zyalyukova

61055885.1

~~[PROPOSED]~~ AMENDED JUDGMENT

Exhibit 6
Page 43

# EXHIBIT A

1    transactions.  They're designed solely to defraud Mr. Abselet

2    out of his -- out of the money he's entitled to under the

3    judgment.

4            MR. SWEDLOW:  I understand what you're saying,

5    Your Honor.  I would like to take just a moment, and I know

6    there's a lot of data in front of you.

7            THE COURT:  There's not a lot of data in front of

8    me.  It's very simple.  There's a lot of pieces of paper, but

9    it boils down to very simple issues.  Your clients are crooks.

10           MR. SWEDLOW:  The $47,000 that Justin and Raymond

11   paid versus the $40 million, opposing counsel and --

12           THE COURT:  I've already read that and --

13           MR. SWEDLOW:  But there's a --

14           THE COURT:  You know, I'm really not interested in

15   your trying to justify these transactions.  I've read the

16   papers, I've looked at the evidence, and my conclusion is that

17   these are fraudulent transfers, and I'm going to deny your

18   motion.  And you can take it up to the 9th Circuit.  You can

19   take it wherever you want.  But I can't wait for the lawsuit

20   that counsel indicates that he's going to file.

21           MR. SWEDLOW:  I appreciate that, Your Honor.

22       Nobody has mentioned the fact that there's a $30 million

23   loan on the property.  And when that math is factored into it,

24   then the valuation is not as disparate as you might think.

25           THE COURT:  Right.  Then nobody is going to get

UNITED STATES DISTRICT COURT          156

1          MR. KIM:  Well, there's a 2 percent stake.  So

2  you're right.  Minimal assets.  But you're exactly right.  That

3  was the point of positioning ourselves to take over.

4          THE COURT:  So, quite frankly, I don't know what the

5  motion to set aside the levy on ECP Building, what that gets

6  you since it basically now doesn't have any business, does it?

7  Because it's been transferred to this Yaas Capital.

8          MR. BACHMAN:  I just believe it wasn't -- I'm not

9  handling that motion, but I think it had to do with how the

10 levy was handled and the foreclosure sale and the value of and

11 that type of thing.

12         THE COURT:  So what.  If it's no longer the --

13         MR. BACHMAN:  I can't comment on that, Your Honor.

14 I can comment that there was money paid.  I disagree -- I don't

15 want to go into the facts of the transfer.

16         THE COURT:  Well, they're all shams.  They're all

17 family members.  They're all transferring assets, family

18 trusts.  They're without consideration.  Certainly if a dollar

19 or so passed, it passed.  But I know these two.  I suspected

20 this is what was going to happen from the outset, and it is

21 happening.  The question is how is Mr. Abselet going to put a

22 stop to it.

23     There is a lot of work that can be done.  I've given up

24 practicing law a long time ago.  But I, in my prior life,

25 chased an individual that fits the mold, and these are very

**UNITED STATES DISTRICT COURT**          120

40

```
1    judgment debtors' claim under oath that those stock

2    certificates represented their interest -- I'm sorry -- and the

3    judgment debtors claimed under oath that those stock

4    certificates representing those interests were issued to them

5    on this date.

6             However, as I indicated before, plaintiffs have

7    submitted evidence that the Corkpit, who is the printer of

8    those certificates, did not come into existence until September

9    of 1996 and did not begin printing such certificates until

10   after its formation.

11            Accordingly, the Court finds that the judgment

12   debtors have lied under oath as to the issuance of, their

13   ownership of, and the transfer of the stock in Alliance

14   Property Investments, Inc.

15            In November of 2011, the Court issued a

16   right-to-attach order against judgment debtors specifically

17   ordering them to transfer to the levying officer possession of

18   any documentary evidence in their possession.  Item (c) of that

19   right-to-attach order included securities.  Judgment debtors

20   received the right-to-attach order, reviewed it, and after

21   discussions with counsel, made a conscious and knowing decision

22   not to turn over any stock certificates.

23            At the last minute, a mere two days before the

24   execution sale, counsel for Alliance Properties as well as ECP

25   told Abselet's counsel that he did not know whether the stock
```

UNITED STATES DISTRICT COURT          309

Exhibit A
Page 46

Case 1:16-bk-12408-GM    Doc 44    Filed 08/25/16    Entered 08/25/16 18:28:53    Desc
Main Document      Page 59 of 64

Case 2:16-cv-08270-HW-JEM    Document 29    Filed 08/22/16    Entered 08/30/16 08:33:58    Page 35 of 527    Page ID
Main Document #:137    Page 306 of 378

37

1 | the fraudulent and sham nature of the transaction is further

2 | demonstrated by the evidence submitted by the plaintiff that

3 | the judgment debtors' share certificates purportedly issued to

4 | them in 1995 and those which were assigned to -- purportedly

5 | assigned to Roxanna were phony based upon the affidavit of

6 | Mr. Jansen, the owner of the company that manufactured the

7 | certificates.  Specifically, Mr. Jansen has testified that his

8 | company Corkpit, C-o-r-k-p-i-t, who was the printer of those

9 | certificates did not come into existence until 1996 and did not

10 | begin printing such certificates until after 1996.

11 |        Further, as additional evidence demonstrating

12 | that there was no actual transfer of the stock to Roxanna, the

13 | judgment debtor dissolved Alliance Property Investment's sole

14 | asset without even advising Roxanna or obtaining her consent to

15 | the transaction notwithstanding their claim that she owns

16 | 100 percent of the Alliance Property Investment stock.

17 |        Based upon that evidence and especially the

18 | admissions made by the -- one of the judgment debtors during

19 | the testimony under questioning by Judge Friot as to the

20 | judgment debtors' ownership interest in Alliance Property

21 | Investments in March of 2015, the Court concludes that the

22 | transfer of the shares from judgment debtors to Roxanna never

23 | occurred, and the documents relied on by the judgment debtor

24 | that purportedly evidence such a transfer are false and

25 | fraudulent.

UNITED STATES DISTRICT COURT                    306

43

1    concludes that the plaintiff fully complied with the applicable

2    California statutes that related to the levy and execution sale

3    of Alliance Property Investment stock and that the levy and

4    sale was proper and valid and should not be set aside.

5            The Court also concludes that the judgment

6    debtors have engaged in false and fraudulent and sham

7    transactions, as well as Roxanna, designed to prevent plaintiff

8    from collecting on his judgment.  Plaintiff totally ignored the

9    notice of levy and the sale, and the entire execution sale

10   process in an effort to stay below the radar so they could

11   eventually manufacture and assert their current fraudulent

12   position in an effort to continue their scheme to thwart

13   Mr. Abselet's efforts to satisfy his judgment.

14           The Court therefore denies the motion to set

15   aside the levy and sale by third party which appears as

16   document No. 547 as to the API stock.

17           I think, in order to assist Judge Friot, that

18   counsel for the plaintiff should prepare an order and lodge

19   that order sometime next week.  If you need more time, let me

20   know because I think it will be important for purposes of

21   dealing with -- for Judge Friot's dealing with this issue as

22   well as what I anticipate to be the appeal to the 9th Circuit.

23           MR. KIM:  That's fine, Your Honor.

24           THE COURT:  How much time are you going to need?

25           MR. KIM:  I would like to look at the transcript.

UNITED STATES DISTRICT COURT          312

33

```
 1    a bid of $10.
 2              The moving parties' argument as to Alliance
 3    Property Investments is based in large part on their claim that
 4    judgment debtors allegedly transferred their shares of stock in
 5    Alliance Property Investments to Solyman's daughter and
 6    Massoud's niece Roxanna on March 20, 2014, for the grand sum of
 7    $250, and new share certificates were issued to Roxanna in
 8    accordance with the transfers.
 9              The judgment debtors and Roxanna claim that the
10    transfer or sale of the API stock for $250 occurred well prior
11    to the issuance of the writ of execution, the levy, and
12    subsequent sale by the United States Marshal on April 29, 2015.
13    And therefore, Mr. Abselet acquired nothing by virtue of the
14    Marshal's execution sale.
15              In addition, the judgment debtors and Roxanna
16    argue that the plaintiffs and the marshal improperly proceeded
17    with the sale based upon their belief that the shares in
18    Alliance Property Investment, Inc., were uncertificated.
19              The Court concludes that the moving party,
20    Roxanna and the judgment debtors, are estopped from contending
21    that Roxanna owns the Alliance Property Investment stock and
22    from arguing that the levy and sale of the stock should be set
23    aside for the following reasons:
24              First and foremost, the Court concludes that the
25    judgment debtor and Roxanna's claim that the alleged
```

UNITED STATES DISTRICT COURT         302

```
 1    transaction involving the transfer of API shares on
 2    March 20, 2014, is a sham, and the Court finds that, based upon
 3    the evidence submitted by the plaintiffs, such transfers never
 4    occurred.
 5                    As the plaintiff has demonstrated, the existence
 6    of a purported March, 2014, transfer is directly contradicted
 7    by the judgment debtors' repeated statements and pleadings
 8    filed in the United States District Court in Oklahoma and
 9    Massoud Yashouafar's testimony in the case that's pending in
10    Oklahoma before Judge Friot.
11                    This evidence is set forth in Mr. Kim's
12    declaration in the various pleadings identified on page 4 of
13    the supplemental brief.
14                    The Court concludes the most persuasive evidence
15    presented in -- on this issue that the purported transfer was a
16    sham is the testimony of Massoud Yashouafar during the hearings
17    conducted before Judge Friot.  The plaintiff has quoted that
18    testimony at page 46 of the supplemental brief, and the
19    reporter's transcript of that testimony is set forth in
20    attachment 2 to Mr. Kim's declaration filed on August 31st,
21    2015.
22                    Specifically, in response to Judge Friot's
23    questions, Massoud Yashouafar admitted that the First National
24    Building II had been sold to First National Building I, and
25    therefore, First National Building I and II had, as a practical
```

UNITED STATES DISTRICT COURT                303

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION OF CREDITORS VAN NUYS PLYWOOD, LLC, PY NOTE INVESTORS, LLC, AND DANNY PAKRAVAN FOR AN ORDER ORDERING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF WESLEY W. LEW IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 25 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Larry G Ball    lball@hallestill.com, gjohnson@hallestill.com
- Carol Chow    carol.chow@ffslaw.com
- Henry S David    hdavid@davidfirm.com, hdavid@davidfirm.com
- Fahim Farivar    ffarivar@bakerlaw.com, amcdow@bakerlaw.com,mdelaney@bakerlaw.com,sgaeta@bakerlaw.com
- Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- Andrew V Jablon    ajablon@rpblaw.com, mlynch@rpblaw.com
- Robert B Kaplan    rbk@jmbm.com
- Matthew Kramer    mkramer@wwhgd.com, krodriguez@wwhgd.com
- Ashley M McDow    amcdow@bakerlaw.com, mdelaney@bakerlaw.com;sgaeta@bakerlaw.com;rojeda@bakerlaw.com;ffarivar@bakerlaw.com
- David L. Neale    dln@lnbyb.com
- Keith C Owens    kowens@venable.com, bclark@venable.com;khoang@venable.com;DGIge@venable.com
- Ronald N Richards    ron@ronaldrichards.com, nick@ronaldrichards.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **August 25, 2016** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Judge**
Hon. Maureen Tighe
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 324 / Courtroom 302
Woodland Hills, CA 91367

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
61232726.1

**F 9013-3.1.PROOF.SERVICE**

Massoud Aron Yashouafar
16661 Ventura Blvd Suite 600
Encino, CA 91436

Solymon Yashouafar
4633 White Oak Pl
Encino, CA 91316

Office of the United States Trustee
Attn: Melanie Scott
915 Wilshire Blvd. ,Suite 1850
Los Angeles, CA 90017

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _I served the following
persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service
method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal
delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 25, 2016 | Diana Tehranfar | /s/ Diana Tehranfar |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
61232726.1

**F 9013-3.1.PROOF.SERVICE**